### HAMM et ux. v. CALDWELL et al.

No. 13798—Opinion Filed Dec. 16, 1924.

**1. Appeal and Error—Review—Insufficiency of Evidence.**

Where the question of the sufficiency of the evidence to sustain the verdict was properly preserved in the trial court and the same is assigned as error on appeal, it is the duty of this court to review the record, and if there is no evidence reasonably tending to support the verdict, to reverse the judgment of the trial court, with such directions as are proper under the record.

**2. Same.**

Record examined, and held, that there is no evidence reasonably tending to support the verdict as to the defendant, Mrs. J. A. Hamm.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by J. B. Caldwell et al. against J. A. Hamm, Mrs. J. A. Hamm et al. Judgment for plaintiffs, and defendants bring error. Affirmed as to J. A. Hamm; reversed as to Mrs. J. A. Hamm, and cause remanded, with directions to dismiss as to Mrs. Hamm.

Ernest F. Smith and Frederick L. Brimi, for plaintiffs in error.

F. W. Herndon and L. A. Shaw, for defendants in error.

Opinion by JARMAN, C. This was an action in damages by J. B. Caldwell, as plaintiff, against W. B. Garnett and L. J. Huling, doing business under the firm name of Garnett & Huling, and Blanche L. Messer, J. A. Hamm and Mrs. J. A. Hamm. The cause was submitted to the jury, resulting in a verdict of $918.24 against the defendants, Mr. and Mrs. J. A. Hamm, who prosecute an appeal to this court.

The record shows that J. A. Hamm notified Mrs. Messer, a real estate agent at Enid, that he had certain city property there, which he desired to trade for an automobile. On the same date, or the day following, the plaintiff, Caldwell, went to the office of Garnett & Huling, who were engaged in the real estate business at Enid, and stated that he had an automobile which he desired to trade for city property in Enid. Garnett & Huling, not having any property listed for this purpose, called Mrs. Messer over the 'phone and made inquiry as to whether she had such property listed, and, upon receiving an affirmative answer, the plaintiff, together with both members of the firm of Garnett & Huling, got in the automobile in question and drove over to Mrs. Messer's place, and she, not knowing the description of the property that J. A. Hamm had spoken to her about, suggested that she would get in the car and they would go over to the home of the owner of the property and see him about it. The party, consisting of W. B. Garnett, L. J. Huling, J. B. Caldwell, and Mrs. Messer, drove to the home of J. A. Hamm, and Caldwell was introduced to him, and Mrs. Messer advised Mr. Hamm that Caldwell was interested in the proposition of trading his car for city lots in Enid. The record does not show that Caldwell ever had any conversation with Mrs. Hamm or that Mrs. Messer or any other member of the party had any conversation with Mrs. Hamm. The record does show that, on this occasion, Mrs. Messer went into the house of the Hamms, but there is nothing to indicate that she had any conversation of any nature with Mrs. Hamm, or that she saw her in the house. The only conversation that was had, pertaining to Mrs. Hamm, was when Mrs. Messer suggested to Mr. Hamm that Mrs. Hamm take a drive in the car, and thereupon Mr. Hamm stated that he did not know whether Mrs. Hamm could get off from her work to take a ride, but that she could come to the front door or the porch and look at the car, which she did, according to the testimony of Caldwell, who was the only witness testifying to this point, although all the other parties present were on the witness stand. Mr. Hamm then got in the car and all of these parties proceeded to what is known as Weatherley's Sixth addition to the city of Enid, and there Mr. Hamm pointed out to them two lots, which later developed to be lots 1 and 2 of block 5. Through subsequent negotiations conducted by Mrs. Mes-

ser, Caldwell gave the automobile and his note for $300 for the lots, and began to erect buildings thereon. The plaintiff subsequently discovered that the deed, executed by Mr. and Mrs. Hamm, conveyed lots 1 and 2 of block 7 instead of lots 1 and 2 of block 5. which he had bought, and on which he had begun to erect improvements, and further learned that Hamm did not own lots 1 and 2, block 5. The damages, which the plaintiff alleged he suffered, were the loss of his car and of the improvements made on the property and the labor expended in connection therewith.

After discovery of this fraud that had been perpetrated upon him, the plaintiff never at any time sought to have Mrs. Hamm rectify the same and the plaintiff and no other person, before or after the trade, ever had any conversation with Mrs. Hamm concerning this property except the one instance hereinabove referred to, when, according to the testimony of the plaintiff, Mrs. Hamm went to the front door or the porch to look at the car.

The only evidence offered as to the ownership of lots 1 and 2 of block 7 was that of Mr. Hamm. who testified that he had owned these lots for about 15 years and that he took stock in the Enid Foundry & Machine Shops, and turned them in as part pay for the stock while he was secretary and treasurer of that company and when he withdrew from the company he took the lots back. In speaking of the ownership of the lots, at the time he and the other members of the party drove by to see the lots prior to the time the trade was made, Mr. Hamm testified as follows:

"I had no idea but what everybody knew those lots. I had owned them ever since they were platted."

The deed introduced in evidence from the Enid Foundry & Machine Shops shows Mrs. Hamm to be the grantee and, under the evidence given by Mr. Hamm as to the ownership of these lots, Mrs. Hamm was not the true owner but she was holding the title in trust for Mr. Hamm.

Judgment was procured against Mrs. Hamm on the theory that Mr. Hamm was acting as her agent in connection with this transaction; and on the further theory that all of these parties conspired together to cheat and defraud Caldwell out of his automobile and that Mrs. Hamm, as a party to the conspiracy, was liable for the damages occasioned thereby.

The principal assignment of error is that the judgment as to Mrs. Hamm is not supported by the evidence. We are not unmindful of the rule that where there is any evidence reasonably tending to support the verdict the same will not be disturbed on appeal, but we have examined the record in this case carefully and, in our opinion, there is no evidence to support the verdict of the jury and the judgment the court rendered thereon against Mrs. Hamm. In the first place, Mrs. Hamm was not the true owner of the lots in question, but simply the record owner, and signed the deed, along with her husband, to convey the record title. In the second place, she did not participate in and did not know anything about the negotiations for the sale of the lots. After the sale was consummated, as far as the record discloses, she did not know the nature of the trade that was made: she never received any part of the consideration; she made no misrepresentations and did not know of any that her husband made to Caldwell with regard to the lots. The strongest, and about the only evidence, to connect her with the transaction in any manner, is that she is the wife of the man who perpetrated the fraud upon Caldwell; but this is not sufficient to authorize or justify a judgment being rendered against her. The language used by the court in the case of L. N. A. & C. Ry. Co. v. Creek, 130 Ind. 139, at pg. 144, is appropriate here:

"In our opinion there would be no more reason or justice in a rule that would in cases of this character inflict upon a wife the consequences of her husband's negligence, solely and alone because of that relationship, than to hold her accountable at the bar of eternal justice for his sins because she was his wife."

Judgment of the trial court is affirmed as to J. A. Hamm and reversed as to Mrs. J. A. Hamm, and the cause remanded with directions to dismiss the action as to Mrs. J. A. Hamm.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. § 2835; (2) 27 C. J. § 201.