## ANDREWS v. PALMER.

[No. 12,497.   Filed November 24, 1926.]

1. NEGLIGENCE.—*Contributory negligence erroneously defined.*— In an action for personal injuries resulting from a collision of two automobiles, an instruction that if the plaintiff did or omitted to do some act or thing which a reasonably careful and prudent person would have done or omitted to do under the circumstances, and such act or omission caused or partly caused his injury, he was guilty of contributory negligence, *held* error.  p. 355.

2. APPEAL.—*Reversal of judgment for erroneous instruction.*— Where erroneous instruction on contributory negligence was given and appellate tribunal cannot determine that verdict was right, the judgment must be reversed.  p. 356.

From Sullivan Circuit Court; *Arthur E. DeBaun,* Judge.

Action by Geraldine Palmer against Perry Andrews. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*William A. Cullop* and *Lindley & Bedwell,* for appellant.

*Curtis G. Shake, Joseph W. Kimmell* and *Martin L. Pigg,* for appellee.

REMY, J.—Action by appellee against appellant for personal injuries which resulted from a collision of an automobile, driven by appellant, with another automobile in which appellee was, at the time, riding as a guest. Issues were formed by a complaint and an answer in denial. Trial resulted in a verdict and judgment for appellee.

On the trial, one of the issues of fact presented for determination by the jury was the question as to whether plaintiff's negligence contributed to the injury of which complaint is made; and the court by instruction No. 12, given on its own motion, told the jury that: "If an injured person does or omits to do some act or thing which a reasonably careful and prudent person would have done or omitted to do under the same or like circumstances, and such act or omission causes or partly causes or contributes to his injury, this is contributory negligence." The court, on the issue of contributory negligence further instructed the jury that: "If by a fair preponderance the evidence shows that the plaintiff was guilty of contributory negligence, and that his negligence contributed to his injury, then he will not be entitled to recover." Instruction No. 12 is a misstatement of the law which may have misled the jury. Contributory negligence is not the doing, or omitting to do, some act or thing which a reasonably careful and prudent person would have done or omitted to do. On the contrary, it is the doing, or

omitting to do, some act or thing which a reasonably careful and prudent person would *not* have done or omitted to do.

The giving of this instruction is one of the reasons specified in the motion of appellant for a new trial; and the action of the court in overruling the motion 2. is assigned as error. We have carefully examined the record, and from such examination we are unable to determine that the correct result was reached. Therefore we cannot say that the error in the giving of the instruction was harmless.

Appellant has presented other questions; but inasmuch as they involve matters not likely to arise in another trial of the cause, we do not deem it necessary to consider them in this opinion.

Reversed.