DUNBAR ET AL. *v*. DEMAREE ET AL.

[No. 15,197. Filed July 2, 1936. Rehearing denied October 14, 1936.]

586

588

*John H. Kiplinger, Jean R. Kiplinger* and *August A. Rendigs, Jr.,* for appellants.

*Wickens & Wickens, Tremain & Turner* and *Titsworth & Titsworth,* for appellees.

KIME, C. J.—This was an appeal from a judgment of $7,500.00 in favor of the appellee Demaree and against the appellants Dunbar and The Ripley County Bank of Osgood, Indiana. The appellee Demaree filed a complaint in one paragraph against the two appellants and Dwenger who was named as an appellee. All of the parties defendant filed separate answers in general denial. Prior to the filing of the general denials the appellants had filed separate motions to have the com-

plaint made more specific which had been overruled. Following the pleas of general denial the two appellants asked leave to withdraw their answers of general denial and tendered pleas in abatement. The applications to withdraw their answers were denied. The cause was tried to a jury on the issues raised by the complaint and the answers in general denial and the jury returned a verdict in the sum above indicated.

The appellants separately filed motions for a new trial and separately assign as error here the overruling of their separate motions for new trial, and error of the court in overruling their separate motions to make the complaint more specific, and error in overruling their applications for the withdrawal of their answers in general denial and error of the court in refusing to sustain the motions to dismiss filed by both of the appellants. The motions for new trial of the appellants Dunbar and The Ripley County Bank of Osgood, Indiana, contained one hundred twenty-one assignments and one hundred nineteen assignments respectively. Many of these are not discussed under their propositions, points and authorities, however, twenty-five separate assignments are discussed which makes fifty assignments in all. Most of these are the same in their effect as to each party and unless specifically designated will be so discussed herein.

The appellee Dwenger filed a motion to dismiss this appeal as to him, which was sustained.

The evidence most favorable to the appellee Demaree is as follows. It appears that Demaree was an employee of Dwenger and upon this particular morning in question had assisted Dwenger in the loading of some eighty foot piling upon Dwenger's truck and trailer to be transported to a neighboring town. They were assisted in the loading by the owners of the piling who had employed Dwenger to transport it for

them. It also appears that Dwenger was not operating under the workmen's compensation law of this state. After loading the piling upon the truck and trailer Dwenger and Demaree were proceeding upon their journey when in rounding a wide curve in the highway, at a speed of fifteen miles per hour, the appellee Demaree saw approaching the automobile driven by the appellant Dunbar and called the attention of his employer (who was driving the truck) to the approach of Dunbar's automobile.

The evidence again most favorable to appellee further discloses that the automobile of Dunbar was approaching the truck of Dwenger at approximately sixty-five miles per hour and that as he approached he waved his hand and spoke to a person on nearby premises and that his car, in rounding the curve, did not stay within the half of the paved roadway designated for traffic driven in that direction, but drove over and upon the portion ordinarily reserved for traffic driven in the opposite direction from which the automobile was being driven by Dunbar. The automobile driven by Dunbar continued upon that side of the roadway until there was a headon collision with the truck driven by Dwenger. The appellee Demaree was riding in the cab of the truck on the right of his employer, who was occupying the driver's seat on the left; that as a result of the collision the piling were forced against and through the rear of the cab and as a result thereof the appellee Demaree received serious injuries.

As to the appellants' cause in the motion for the new trial that the verdict is not sustained by sufficient evidence we will say that we believe the evidence is ample to sustain such verdict and there is no reversible error in this particular.

The appellants also complain of the refusal of the court to allow them to withdraw their answers in gen-

eral denial and file separate pleas in abatement. They contend that such leave should have been granted because the appellee Demaree fraudulently alleged that Dwenger was guilty of negligence in that Dwenger turned the front wheels of his truck toward the left-hand side of the road and by so doing negligently caused the accident which resulted in the injuries to Demaree and that Demaree made such fraudulent allegation for the purpose of bringing the action in the county in which Dwenger resided when the residence of the other two appellants was in a different county. This was not the only charge of negligence in the complaint and while it might have been a specific charge, it was later followed by a general charge, and in this particular stage of the proceeding there was no error in the trial court exercising its discretion in refusing to allow the appellants to withdraw their answers in general denial in order that they might file separate pleas in abatement.

The appellants do not discuss the alleged errors in overruling the motion of Russell Dunbar to make the complaint more specific nor in overruling their separate motions to dismiss the complaint and hence these will not be discussed.

The appellants complain of the giving of instruction numbered 3 by the court of its own motion. In this instruction the court told the jury that they could have the complaint and answers to take with them into the jury room; that they should not consider the complaint and answers as evidence and that such documents could be taken in the jury room only for the purpose of "ascertaining whether or not the material allegations of the complaint have all been established by the evidence." The appellants contend that this placed upon them the burden of establishing, by the

evidence, their answers in general denial but since the jury was fully instructed on the burden of proof, and where it lay, to-wit: on the plaintiff to prove the allegations of his complaint, we do not believe that the jury could have been misled by such language, consequently, the court did not err in giving this instruction.

The appellants also complain of instruction numbered 5 given by the court of its own motion. This was an instruction defining ordinary care and while it was not a model it did define ordinary care in language similar to that requested by appellants themselves. In view of the fact that the jury was instructed at some length as to the care necessary we do not believe this instruction was erroneous.

The appellants next complain of the giving of instruction numbered 6 on the court's own motion and the refusal to give instruction numbered 6 requested by both of the appellants. The instruction given by the court said "this action is founded upon the alleged negligence of defendants Dunbar and Dwenger" and then went on to define negligence. The appellants say that the words "this action" consists of all pleadings, all issues, all evidence that was admitted and all the instructions of the court, and is not limited to the alleged negligence of Dunbar and Dwenger, but we do not believe that the jury was misled when the court said that "this action" was founded upon the alleged negligence of these defendants. The instruction tendered by the appellants numbered 6 was of the same legal effect as the balance of the instruction given by the court, but did not contain any reference to the negligence of the other defendant, Dwenger, and consequently was properly refused.

Appellants also complain of the giving by the court on its own motion of instruction numbered 7, which reads

as follows: "Contributory negligence may be defined to be negligence on the part of the injured person, which caused, or partly caused his injuries. If an injured person does or omits to do some act or thing, which a reasonably careful and prudent person would have done, or omitted to do, under the same circumstances, and said act or omission caused, or partly caused or contributed to his injuries, this is contributory negligence." The appellants contend that this instruction was erroneous and cite as authority therefor the case of *Andrews* v. *Palmer* (1926), 85 Ind. App. 354, 154 N. E. 34. The court there said that since it was unable to determine that a correct result was reached it could not say that error in giving that instruction was harmless. The two instructions are not in identical language but conceding that the instruction there given was erroneous in view of the fact that the correct result was not reached we are of the opinion that, even though it might be said to be erroneous in the case at bar, it was not prejudicial to the appellants since a correct result was reached. This instruction states substantially the correct rule and while it should not be used as a model, to hold that it was not correct would be a mere quibbling over words too technical to warrant serious consideration.

Appellants next complain of instruction numbered 9 given by the court on its own motion. This instruction says, in effect, that if the plaintiff was guilty of any negligence which contributed to the collision that this would defeat his recovery and did not intimate that such recovery would not be defeated by any other act or omission on his part. If anything, this instruction is favorable to appellants when construed literally and there was no reversible error in giving it.

Appellants also complain of the giving to the jury of instruction numbered 11 on the court's own motion. In

this instruction the court set out the statute on contributory negligence and defined the meaning thereof. The exact language used in this instruction has been sustained by the courts many times. *Duncan* v. *Griffith* (1930), 92 Ind. App. 387, 175 N. E. 675.

Appellants next complain of instruction numbered 13 given by the court of its own motion, the portion complained of being as follows: "In case of personal injury, if two or more persons are guilty of negligence, and the negligence of each is a proximate cause of an injury, each is liable therefor. . . ." The appellants contend that the jury could have understood from this that if the injuries of Demaree were caused by the combined negligence of appellee Demaree and the appellants Dunbar and Dwenger that the appellants would be liable. This contention is without merit. The instruction might have been more detailed but it does state the law correctly and in the absence of more specific instructions being requested we do not believe that any of the substantial rights of the appellants were harmed by this instruction.

Appellants also complain of instruction numbered 14 given by the court of its own motion. By this instruction the court told the jury that if they found from the evidence that each of the defendants was negligent and that the negligence complained of caused the plaintiff's injury and that the plaintiff exercised reasonable care for his own safety that the plaintiff might recover against any or all. Of course this instruction does not specifically contain any elements of freedom from contributory negligence but the jury had been fully instructed as to contributory negligence and since this was not a mandatory instruction the court did not err in giving it.

Appellants complain of instruction numbered 15 given by the court on its own motion by which instruction the

court set out the statute in regard to the operation of motor vehicles. This instruction correctly quoted the statute, consequently there was no reversible error in the giving of it.

Appellants next complain of the giving of instruction numbered 16 on its own motion and in refusing to give instructions numbered 29 requested by both of the appellants. In instruction numbered 16 the court advised the jury as to the law in regard to the rule of the road and quoted the statute, consequently it was not reversible error in giving this instruction. The requested instruction was indefinite and from such instruction it was impossible for the court or jury to determine "whose right of the highway" is referred to in the instruction. The rule of law as requested in the indefinite language of instruction numbered 29 was fully covered by instruction numbered 16 and the court did not err in refusing to give this instruction.

Complaint is also made of instruction numbered 17 given by the court of its own motion. By this instruction the court told the jury that the violation of the statute was negligence *per se*. The appellants complain of the use of the Latin phrase *per se* but they asked that this be used in an instruction that they tendered, which the court gave and we do not think the jury was misled by the use of such term. Even if it was harmful it was as much harmful to the appellee Demaree as it was to these appellants, and in any event not sufficiently so to justify reversal of this cause where the correct result was reached.

Appellants also complain of instruction numbered 23 given by the court of its own motion. In that instruction they complain of the use of the word "automobile" wherein the court used it as follows: "If you find from the evidence in this case that the truck in which plaintiff was riding was then being

driven and operated by the defendant Maurice Dwenger and that said Maurice Dwenger was negligent in the operation of said automobile . . ." This contention seems to be totally without merit, as we believe anyone of common understanding, which the jury was presumed to possess, could not have been misled by the use of the word "automobile" especially under such specific language as the court was using here.

Appellants complain also of instruction numbered 20 given by the court of its own motion. The court here told the jury that the appellants could not be held liable for any of the alleged acts of negligence of the defendant Dwenger and that Dwenger could not be held liable for any alleged acts of negligence of theirs, and that the negligent acts charged against any of the defendants could not be imputed to any of the others except that the negligence of Dunbar, if any, could be imputed to the bank as more specifically detailed under other instructions, but that each would be liable for his own negligent acts if any were proven. There was nothing misleading, prejudicial or erroneous in this instruction as there was an abundance of evidence to establish that the relation of master and servant did exist between the bank and Dunbar and that Dunbar was operating the automobile at the time of the collision and the resultant injury occurred in the course of that relationship. The jury had been correctly instructed as to what they should find before determining whether the relationship of master and servant existed as between these appellants. The court did not tell them that the relation existed but how they could determine whether it existed. If the appellants thought this instruction was incomplete or they desired a more particular instruction they had the right to request it and although they requested some sixty-four separate in-

structions they made no request for an instruction on the relation of master and servant.

The appellants complain of instructions numbered 18 and 19 given by the court of its own motion. Instruction numbered 18 told the jury that a corporation acts through its agents and servants and that it was liable for any negligent act committed by such agent or servant while acting in the course of the employment and in line of duty and that in such case both were liable for any injury or damage caused by such negligence and that either could be sued at the option of the injured party. This is a correct rule of law and the giving of this instruction was not error. By the 19th instruction the court told the jury that if they found Dunbar was an employee of the bank at the time of the injury and was performing some duty relative to his employment at that particular time at the direction of the cashier of the bank, and that if at that time he was guilty of the negligence as charged in the complaint, that such negligence was the proximate cause of the plaintiff's injuries that the appellants would be liable for the plaintiff's injury; and that if they found that the material averments of the complaint were true that they should find for the plaintiff as against the appellants unless they found that the plaintiff was guilty of negligence contributing to his injury. The evidence conclusively established that Dunbar was the agent or the servant of the bank and engaged in performing a duty in line of that employment at the time that he negligently operated the automobile in such manner that the plaintiff was injured. We see no reason whatsoever why this instruction should be misleading, erroneous or prejudicial to either of said appellants and the giving of this was not reversible error.

The appellants also complain of the refusal of the court to give instruction numbered 30b requested by

each of them. The appellant in this instruction sought to have the jury instructed that if the injury here was caused solely by the negligence of Dwenger that the plaintiff could not recover as against Dunbar and the bank. This idea was covered by other instructions given and there was no error in the refusal to give this instruction.

Complaint is also made of the giving of instruction numbered 26 by the court on its own motion. By this instruction the court told the jury that if the injury was caused by the concurrent negligence of the two parties that each might be liable; and that it would be no defense for one party to say that the negligence of the other contributed to the injury. The appellants themselves admitted that this is a correct statement of the law but an abstract one. This taken together with the other instructions given can not be said to be such error as would necessitate a reversal. They also complain that this is repetition and argument. As the appellants had asked for two instructions on each point, some fifty-four in all, which included many, many repetitions we are not much impressed with the contention of the appellants and it falls of its own weight.

The appellants complain of instruction numbered 35 given by the court of its own motion. By this instruction the court told the jury that if they found for the plaintiff from a preponderance of all of the evidence that the plaintiff had sustained injuries as alleged in his complaint it would then be their duty to assess the damages, if any, to which he would be entitled. The jury had been instructed that the plaintiff could not recover unless he had proven all the material allegations of his complaint with respect to one or more of the allegations of negligence and one or more of the items of damages and also what constituted a preponderance of such evidence; that the burden of the

proof of the allegations was upon the plaintiff and what constituted proximate cause and the meaning of negligence. That plaintiff could not recover if he was guilty of contributory negligence and that none of the defendants could have been held liable for the negligence of the other defendants except between the bank and Dunbar who might be liable under certain circumstances, which circumstances were specifically defined and that the plaintiff could not recover for negligence not alleged nor negligence not the proximate cause of the injuries nor for any injury resulting from accident. In view of these instructions we do not believe that the jury was misled by instruction numbered 35. The court did not commit reversible error in giving it.

The appellants complain of instruction numbered 10 given by the court of its own motion which was an instruction saying that contributory negligence was a matter of defense and that the plaintiff was not bound to prove that he was free from fault, but the burden was upon the defendants to prove that he had negligently contributed to the injury. This is a correct statement of the law and there was no error in giving this instruction.

The appellant Dunbar assigns that the court erred in refusing to give to the jury instruction numbered 8 requested by him. This was an instruction on contributory negligence which repeated the same idea in three different ways. The substance of this instruction had been fully covered by the court by other instructions given and there was no reversible error in refusing to give this one.

The appellants complain also of the refusal of the court to give instruction numbered 24 requested by them. The appellants had requested an instruction which was given which specifically set out the obligation of the plaintiff to use care for his own safety and to avoid any

injury while riding in the truck. The giving of this instruction, if it could be said to be proper, was at least objectionable because of repetition and reiteration and since the jury had been fully instructed upon this particular point there is no reversible error in the refusal.

The appellants also complain of the refusal to give their tendered instruction numbered 13. By this instruction the appellants asked the court to instruct the jury in substance that the defendant Dunbar in driving his automobile upon the highway was only required to use ordinary care or the care an ordinarily careful person would use whether driving generally or in case of unexpected danger. This instruction omits the care fixed by statute and since other instructions had been given which were more specific and included all of the elements, when these were taken together with all the other instructions, there was no error in the refusal to give this one.

The appellants also complain of the refusal of the court to give instruction numbered 25 requested by them. By this instruction the appellant undertook to state the rule applicable to a condition of emergency or sudden peril in the operation of an automobile which might excuse a driver from what might otherwise be negligence. This failed to include the necessary provision that the emergency or condition excusing the failure to exercise legal care was brought about without any fault on the part of the party who would otherwise be liable and consequently the refusal to give such instruction was not reversible error. The instruction requested, insofar as it was correct, was fully covered by other instructions given by the court.

Appellant bank assigns as error the giving of instruction numbered 33 by the court of its own motion and

the appellant Dunbar assigns as one of the grounds of his motion for new trial that the court erred in permitting the cashier of the bank to testify to conversation he had with Dwenger relative to the collision herein. The cashier testified that Dwenger said in talking to him out of the presence of Dunbar "we were both on the wrong side of the road." In instruction numbered 33 the court specifically told the jury that this evidence was admitted as against the defendant Dwenger and the bank and "not against the defendant, Russell Dunbar. You are not to consider this evidence for any purpose whatever against the defendant Russell Dunbar." The court also, at the time the evidence was admitted, specifically admonished the jury that it was being admitted only as against Dwenger and the bank and they (the jury) were not to consider it as against the defendant Dunbar. Of course as against the bank this evidence was properly admitted. Since the court used the precaution of admonishing the jury to confine this evidence to the bank and Dwenger at the time of its admission and later took the extra precaution of again calling the jury's attention to their duty we do not believe that the admission of the evidence or the giving of the instruction was prejudicial error.

Appellant also complains of alleged error of the court in permitting the cashier of the bank while testifying on cross-examination by the defendant Dwenger to answer the following question: "Did he say anything else to you and if so, what?" as follows: "Well, we probably talked. He said he had but little work, as I remember. Did not have much hauling and times were hard. Something like that. I don't know just the conversation." There was no error in permitting the witness to answer this question as the same matter had been before the jury in other evidence introduced prior thereto and the mere fact that Dwenger, the

owner of the truck, was without work and had not had much work at that particular time was not of such controlling consequence as to influence the jury to find for him, therefore, there was no error in permitting the witness to answer this question.

Finding no reversible error the judgment of the Rush Circuit Court is in all things affirmed.