GAGLE *v.* HEATH.

[No. 17,212.   Filed March 15, 1944.]

*Roscoe D. Wheat,* of Portland, for appellant.
*Robert L. Smith,* of Portland, for appellee.

DOWELL, J.—This appeal arises out of a ruling of the court below sustaining a demurrer for want of facts addressed to appellant's amended complaint, which, as considered by the court after a portion thereof was stricken on motion, was as follows:

"The plaintiff, Orlo Gagle, for his amended complaint, complains of the defendant, Otto M. Heath, and says:

"1. That on the 16th day of September, 1941, the plaintiff was the owner of a 1937 Ford V. 8 Tudor Sedan automobile of the value of $400.00.

"2. That on said 16th day of September, 1941, while said automobile was being operated by the daughter, DeLee Gagle, of this plaintiff upon a highway in Jay County, Indiana, in an easterly direction and was approaching the intersection of said highway with another highway running north and south and when she was about to enter upon said intersection, she looked to her right and left, at a point where she could see more than three hundred feet in either direction and there was no other automobile about to enter said intersection, she started to cross the same, and the defendant who was operating an automobile in a southerly direction on said north and south highway aforesaid was approaching said intersection; that the driver of plaintiff's automobile entered the intersection of said highways before the defendant entered said intersection and it was the duty of defendant to yield said right of way to the operator of plaintiff's automobile; that the defendant unlawfully failed to yield said right of way of said intersection to the plaintiff's driver and vehicle and unlawfully, negligently and carelessly operated and drove his said automobile into said intersection and into and against plaintiff's automobile with great force and violence and thereby completely demolished and destroyed plaintiff's automobile, to plaintiff's damages in the sum of $400.00.

"3. That said damage to plaintiff's automobile was caused solely by the careless and negligent acts of the defendant as aforesaid and that the plaintiff was free from fault."

This action of the trial court is the sole error assigned.

In considering the sufficiency of the amended complaint we are impressed first with the utter impossibility of ascertaining, from within its four corners, whether appellant intended to plead facts showing that the driver of appellant's automobile was gratuitous bailee or agent of appellant. However, by proper pleading in the court below appellee had a right to determine this. He did not do so and we do not consider it.

Chapter 48, § 27, page 289, Acts 1939, § 47-2026, Burns' 1940 Replacement, provides:

> "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."

It is our opinion that the amended complaint states facts sufficient to show that the driver of appellant's automobile entered the intersection while appellee was approaching it and that appellee failed to yield the right of way as required by the statute *supra*. In this respect, therefore, the complaint contains a sufficient charge of negligence, the doctrine that a violation of a positive statute constitutes negligence *per se* being so firmly implanted in our law that citations to sustain it are unnecessary.

With this problem so resolved the only question remaining, as we see it, is whether the complaint sufficiently negatives contributory negligence by the averment that the *plaintiff* was free from fault, this being an action to recover damages for injuries to property and therefore without the purview of ch. 41, Acts 1899, § 2-1025, Burns' 1933.

Appellee, by his demurrer and in his brief, adopts the theory that the complaint shows the driver of appel-

lant's automobile to have been a gratuitous bailee. If this theory be correct the question was decided by this court in the case of *Lee* v. *Layton* (1933), 95 Ind. App. 663, 167 N. E. (2d) 540. In that case the wife was gratuitous bailee operating her husband's car. It was declared by the court:

".... the weight of authority in the later cases is decidedly in favor of the rule that the contributory negligence of the bailee is not imputable to the bailor so as to preclude his recovery of damages from a third person for negligently injuring the bailor's property. . . . It was not necessary to prove that the wife was free from fault . . .."

If, on the other hand, appellee's theory is incorrect and the complaint states facts showing agency it must be determined whether the averment of freedom from fault on the part of the plaintiff is equivalent to an allegation that neither the plaintiff nor his agent or servant was in fault.

The Supreme Court has held such an averment to be so equivalent in the cases of *The Town of Albion* v. *Hetrick* (1883), 90 Ind. 545 and *The Louisville, New Albany and Chicago Railway Company* v. *Stommel* (1890), 126 Ind. 35, 25 N. E. 863. Under the accepted doctrine that the negligence of the servant, acting of course, within the required scope, is imputable to the master this would seem to be the correct rule.

While it must be conceded that the complaint leaves much to. be desired from the standpoint of clarity and definiteness we are compelled to hold it good.

Reversed with instructions to the court below to overrule appellee's demurrer and for other proceedings not inconsistent herewith.

NOTE.—Reported in 53 N. E. (2d) 547.