## COCHRAN V. WIMMER

[No. 17,736. Filed October 29, 1948. Rehearing denied December 6, 1948. Transfer denied January 12, 1949.]

*Bingham, Cook & Bingham,* all of Indianapolis, *Van Atta, Batton, & Harker,* all of Marion, attorneys for appellant.

*Campbell, Gemmill, Browne, and Ewer, and Jerry W. Torrance, Jr.,* all of Marion, attorneys for appellee.

DRAPER, P. J.—Action by appellee, a minor, by his father as next friend, for damages resulting from the alleged negligent operation of a motor vehicle by the defendant Cochran. The complaint alleges the appellee received injuries resulting in Jacksonian Epilepsy. From an adverse verdict Cochran appeals.

The evidence most favorable to the appellee discloses that on December 22, 1944, William Wimmer, 9 years of age, was riding in a northerly direction on King Road, in Grant County, in a school bus operated by one Zimmerman. A private driveway entered said road from the west and just after Zimmerman's bus entered the intersection going north another school bus operated by appellant Cochran ran eastwardly from said driveway into the intersection at about 15 miles per hour without stopping, and struck the bus operated by Zimmerman and occupied by appellee.

The day was cold, the windows frosted, and the roads covered with packed snow. The bumper of Cochran's

bus struck Zimmerman's bus just over the left rear dual wheels, immediately above which William was sitting inside the bus. The impact of the collision damaged the front bumper and broke a headlight on Cochran's bus. It punctured a dual tire, tore the rear left fender loose, broke a skid chain and damaged the body of Zimmerman's bus, the rear end of which was jolted or pushed over a foot or more in the road. The impact jarred or jolted all the children in the Zimmerman bus and slid some of them on their seats. Some had to brace themselves to avoid falling. Somebody said something at the time about Billy Wimmer being hurt. It is not claimed that any of the other passengers in either bus were injured. Both busses proceeded to their destinations.

When William boarded the bus he was well and healthy; had never had any spells, and was a bright, intelligent "A" student. When he arrived at the school he complained of pain in his back; he couldn't kneel down; he was white; he limped and held his back; he cried, complained of headache and held his head front and back. He was taken to the school nurse who examined him but found no external evidence of physical injury.

Later the same day he fell from his chair at home. On December 26 he had an epileptic seizure. He attended school regularly during the spring term although evidencing symptoms of epilepsy. The seizures thereafter continued with increasing frequency and intensity. There is no doubt that William is now afflicted with epilepsy. At the time of trial he was a dull, inattentive, indifferent, mentally retarded 11 year old boy, unable to answer simple questions, unable to do his school work and subject to frequent epileptic convulsions. The condition is permanent.

Whether the collision was attributable to negligence on the part of Zimmerman or of Cochran was disputed, but the evidence most favorable to the appellee places the fault in Cochran. We have stated the essential facts surrounding the accident so that questions concerning instructions may be intelligently considered.

The appellant first asserts the evidence fails to show that William sustained any physical injury as a result of the accident. But in addition to the evidence above recited there is expert testimony to the effect that he could have suffered damage to his brain without external evidence of injury, and same could be caused by a jolt or sudden blow. We think there was ample evidence to support an inference that he was physically injured in the accident.

Appellant next insists the evidence is insufficient to justify the jury in finding that the disease of epilepsy was caused by the accident, and in that regard says the expert testimony establishes only the *possibility* that appellant's condition resulted from it.

We have carefully examined the evidence in that regard. In answer to a hypothetical question which gave a detailed description of the accident and the boy's physical and mental condition theretofore and thereafter, all as shown by the evidence, one doctor testified he thought there would be a connection between the accident and the appellee's present condition. Another testified that in his opinion the accident did have a causal connection with the boy's present physical condition. Another was asked whether in his opinion, based upon reasonable medical certainty, there would be any connection between the accident in which the appellee was injured and his condition which developed subsequent thereto. He answered, "There could be a great deal, yes, sir." He also testified that in his opinion

the appellee's condition resulted from an injury—probably a ruptured blood vessel which caused a hemorrhage with resultant scar tissue which cut off the blood supply to a portion of the brain.

Whether the appellee was suffering from traumatic or idiopathic epilepsy was sharply contested, and there was much evidence to the effect that the appellee's condition was not and could not be the result of trauma. We are of the opinion, however, that under the evidence the question was clearly one of fact for the jury to determine.

The court gave appellant's tendered instruction No. 3 which quoted the statutory duty of one entering a highway from a private road or driveway to yield the right of way to vehicles approaching on said highway, and gave the statutory definition of "right of way." It then informed the jury, in effect, that a failure to comply with the statute constituted actionable negligence in itself, and if such actionable negligence proximately caused a collision, as a proximate result of which the plaintiff sustained the injuries alleged, and plaintiff himself committed no act or omission of negligence contributing thereto, their verdict must be for the plaintiff. Of the objections made to this instruction at the trial it is here urged that said instruction is mandatory in form, and charges the jury that under the statute quoted the appellant must yield the right of way to the other vehicle without in any manner qualifying the duty and obligation of the other driver to exercise reasonable care.

It is of course true that the driver of a vehicle is under the duty to use reasonable care to avoid a collision even though he has the right of way at a street or intersection. *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E.

2d 336; *Lindley* v. *Skidmore* (1941), 109 Ind. App. 178, 33 N. E. 2d 797. The jury was so informed in another instruction tendered by appellant, and it is not necessary for the court to state all the law applicable to a given case in a single instruction. It is the law that where an instruction assumes to set out all the elements essential to a recovery, and directs the jury to return a verdict for the plaintiff if they find such elements to have been established, but omits an essential element, the instruction is erroneous and cannot be cured by other instructions. 64 C.J., Trial, § 615, p. 707; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577. In this case, however, the violation of the statute quoted in the instruction would constitute negligence *per se, Rentschler* v. *Hall* (1946), 117 Ind. App. 255, 69 N. E. 2d 619, and if the evidence established and the jury believed that appellant was guilty of such negligence, and that such negligence was the proximate cause of the collision which produced appellee's injuries, then negligence on the part of the driver of the bus in which the appellee was riding would be unimportant, for such negligence on the part of the driver, under the circumstances of this case, would not defeat appellee's right to recover. *The Town of Knightstown* v. *Musgrove* (1888), 116 Ind. 121, 18 N. E. 452; *Union Traction Co.* v. *Gaunt* (1923), 193 Ind. 109, 135 N. E. 486, 23 A.L.R. 649.

The court gave appellee's tendered instruction No. 4 which reads as follows:

"I further instruct you that if you find by a preponderance of the evidence that a T intersection was formed by the driveway or lane of Harry King and the King Road, and that the vehicle in which plaintiff was riding on the King Road entered said intersection before the vehicle driven by the defendant reached same on said driveway or lane, that the defendant had the duty to stop

or to attempt to avert a collision, and that if at said time he violated that duty, he was guilty of an act or omission of negligence, which if it proximately caused the injuries complained of, if any, would entitle the plaintiff to recover in this action, provided he himself were free from fault."

The appellant objected as follows:

"2. Defendant objects to the giving and reading of Plaintiff's Instruction No. 4 *for the reason that said Instruction imposes an absolute duty upon defendant to stop and avert a collision without taking into consideration the element of time because of connection and ability of defendant to stop as required to do so* and for the further reason that said Instruction gives to the vehicle in which plaintiff was riding an absolute right-of-way over defendant's motor vehicle." (emphasis supplied).

The instruction is obviously based on Burns' 1940 Replacement, § 47-2026. So far as the latter portion of the objection is concerned, this instruction does not seem to us to give the vehicle in which plaintiff was riding an absolute right of way over the defendant's vehicle. So far as that portion of the objection which we have italicized is concerned, we are at a loss to understand it. We do not think it is sufficiently specific to fairly direct the attention of the trial court to any asserted error in the instruction and therefore, hold that it presents no question.

Assuming however, that the objection is sufficient to present appellant's position, viz. that the instruction imposes an absolute duty on appellant to yield the right of way, we shall discuss that proposition briefly. There is an important difference between a right conferred, and a duty imposed by statute. A right conferred, such as the right of way under certain circumstances, is not an absolute right. It does not confer upon a motorist the right to proceed with indifference to the safety of other persons

using the highways. It confers upon him the right to proceed, if he may do so, by and with the exercise of reasonable care. *Kraning* v. *Bloxson, Admx.* (1937), 103 Ind. App. 660, 5 N. E. 2d 649, 9 N. E. 2d 107. A duty imposed by statute, such as a duty to stop before entering a preferred street, does impose an absolute duty to stop before entering. *Fields* v. *Hahn* (1945), 115 Ind. App. 365, 57 N. E. 2d 955. If it were otherwise it could not logically, be said that the violation of such a statute constitutes negligence per se.

The court gave appellee's tendered instruction No. 5 which reads as follows:

"I further instruct you that if you find from the evidence that the Defendant immediately prior to the collision complained of, if any, knew, or in the exercise of ordinary care, could or should have known, of the approach of the motor vehicle in which Plaintiff was riding from the south, that the Defendant had the duty to watch for the approach thereof. and yield the right of way. to it. Further, if you find from the evidence that the Defendant violated said duty by failing to observe said other vehicle and yield it the right of way, that his failure to so observe and yield constituted an act of omission of negligence, and if you further find that such act or omission of negligence on the part of the Defendant, if any, was the proximate cause of a collision between his motor vehicle and that in which Plaintiff was riding, and that as a proximate result of said collision Plaintiff sustained the injuries of which he complains, if any, and he himself was free from fault, then I instruct you that such negligence, if any, on the part of the Defendant would entitle Plaintiff to recover in this. action."

The appellant made the following objection:

"3. Defendant objects to the reading to the jury of Plaintiff's Instruction No. 5 for the reason that said Instruction imposes upon defendant the duty to stop, without qualification, and that said instruction further erroneously confers upon the driver of the vehicle in which plaintiff was riding the abso-

lute right-of-way over defendant's vehicle and thus does not correctly state the law applicable to the issues in evidence in this cause."

We fail to find where this instruction imposes upon the defendant the duty to stop, with or without qualification, or where the word "stop" is even mentioned. Neither do we believe it confers on the driver of the vehicle in which plaintiff was riding the absolute right of way over defendant's vehicle. It does tell the jury that defendant's failure to yield the right of way to a vehicle approaching on the highway would constitute an act of negligence, and such is made the law by statute. See Burns', 1940 Replacement, § 47-2029. The appellant now complains that the instruction tells the jury it was the defendant's duty to observe the other vehicle and to watch for its approach, and he says it is error to instruct a jury that the doing of a certain act or the failure to observe a certain precaution constitutes negligence. That is ordinarily true, for such an instruction not only invades the province of the jury, but it usually imposes an undue burden of care upon the one charged with negligence or contributory negligence. Whether in this case, in the light of the involved statute, it was error to use this language in the instruction is not before us, however, for the instruction was not objected to on that ground.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 81 N. E. 2d 790.