NEPSHA ET AL. *v.* WOZNIAK

[No. 17,987.   Filed June 8, 1950.]

Draper, J., not participating.

Royse, C. J., concurs with opinion in which Wiltrout, J., concurs.

*Draper & Eichhorn,* of Gary, for appellants.

*Louis C. Holland,* of Gary, for appellee.

CRUMPACKER, J.—The appellants are the owners and operators of a tavern, known as the Central Cafe, in the city of Gary, Indiana, in which the public is invited to eat and drink. For that purpose the appellee repaired to the barroom of said tavern on the evening of January 17, 1948, where, sometime after mid-

night, she was bitten by a dog belonging to the appellants and harbored in said room without physical restraint. She brought this suit to recover resulting damages and the jury returned a verdict in her favor in the sum of $1,250 upon which judgment was duly entered.

Said verdict and judgment are predicated upon a complaint the gravamen of which is that at the time she was so bitten there was an ordinance in full force and effect in the city of Gary which provides that: "No owner or keeper of any dog shall permit such dog to run at large at any time." That notwithstanding said ordinance the appellants kept and harbored a vicious and ferocious dog which they permitted to run at large in a public place, to-wit, said tavern, well knowing said dog's ferociousness and propensity to attack and bite mankind.

In construing the above ordinance and its applicability to the present facts the court instructed the jury as follows:

"The Ordinance imposes upon the owner or keeper of a dog the safe keeping thereof and to prevent it from running at large in a public place. A public place is a business place where the public is invited to do business therein of the character conducted by the owner of said business in that part of the business to which the public is invited.

"This Ordinance imposes upon the keeper of a dog the duty to prevent it from doing mischief or biting one in its place of business, in that part of the business to which the public is invited, as well as to restrain his dog in such a way and under such condition as to prevent said dog from being loose and unrestrained in the business part of said business.

"If you find from a fair preponderance of all the evidence herein that the dog in question was unrestrained and at large in that part of the Central Cafe to which the public was invited and had a

right to be there and the plaintiff was therein and was bitten by said dog without fault on her part, then your verdict should be for the plaintiff on this point."

The appellants objected to this instruction for many reasons only two of which we need consider. They say it is highly mandatory and completely ignores the element of proximate cause. The appellee contends that, even so, other instructions, given at the appellants' request, completely and accurately defined proximate cause and advised the jury that proof thereof was necessary in order to warrant a verdict in the appellee's favor. That the instruction under consideration is mandatory there can be no doubt. It enumerates certain ultimate facts and directs a verdict in the event a jury considers such facts established by the evidence. The gist or foundation of the appellee's right to recover in this case is negligence on the part of the appellants. To be actionable the negligence complained of must have been the proximate cause of the event causing the appellee's injuries. This is the statement of an elementary principle of the law which no one will dispute even in the absence of cited authority. Proof of proximate cause was just as essential to the appellee's case as proof of the appellants' negligence. The instruction omits all reference to proximate cause and in effect tells the jury that if it finds that the appellants conducted themselves in the manner therein described it should return a verdict for the appellee regardless of whether or not such conduct was the proximate cause of her injury.

While it is true that the jury was properly informed as to the law of proximate cause by other instructions and it is not necessary for the court to state all the law applicable to a given case in one instruction, yet it is no longer subject to contro-

versy in this jurisdiction that "where an instruction assumes to set out all the elements essential to a recovery, and directs the jury to return a verdict for the plaintiff if they find such elements to have been established, but omits an essential element, the instruction is erroneous and cannot be cured by other instructions." *Cochran* v. *Wimmer* (1948), 118 Ind. App. 684, 691, 81 N. E. 2d 790; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577. "In considering the effect of an erroneous instruction this court assumes that the error influenced the result, unless it appears from the interrogatories, the evidence, or some other part of the record that the verdict under proper instructions could not have been different." *Probst, Receiver* v. *Spitznagle* (1939), 215 Ind. 402, 408, 19 N. E. 2d 263. The present record presents no such situation.

Another serious question presented by the instruction under consideration is its applicability to the facts in this case. It informs the jury of the legal effect of an ordinance of the city of Gary which imposes a duty on the owners or keepers of dogs to prevent them from running "at large at any time." A dog is at large, according to the instruction, if its movements are unrestrained within any enclosure that the law recognizes as a public place. The instruction defines a public place as "a business place where the public is invited to do business therein of the character conducted by the owner of said business in that part of the business to which the public is invited." Whether the term "to run at large," as used in the ordinance, is open to this broad concept, we do not consider it necessary to decide. The undisputed evidence in this case discloses that the appellee was bitten in the early morning after the appellants' tavern had been closed to the public and whereby it lost its character as a public place. In our opinion a construction of the ordinance

that brings such a set of facts within its scope is erroneous.

We do not mean to say that by inviting the appellee and others to remain in their barroom after it had been closed to the public the appellants could escape liability for the actions of a dangerous and vicious dog in their custody. We do say, however, that if there was liability under the circumstances it arose through the breach of a common law duty and not one imposed by the ordinance upon which the appellee relies.

Judgment reversed with instructions to sustain appellants' motion for a new trial.

Draper, J., not participating.

Royse, C. J., concurring with opinion.

## CONCURRING OPINION

Royse, C. J.—I agree with the majority opinion that this case should be reversed because the instruction set out in their opinion was mandatory and wholly ignored the element of proximate cause. In my opinion this was all that it was necessary or proper for us to decide. Section 2-3233, Burns' 1946 Replacement, providing in part as follows: "The Supreme Court may reverse or affirm the judgment below, in whole or in part, and remand the cause to the court below, but *the court shall not reverse the proceedings any further than to include the first error."* (My emphasis).

I cannot agree with the following statement in their opinion:

"The undisputed evidence in this case discloses that the appellee was bitten in the early morning after the appellants' tavern had been closed to the public and whereby it lost its character as a public place. In our opinion a construction of

the ordinance that. brings such a set of facts within its scope is erroneous."

No authority is cited in support of this statement. I do not believe it is a correct statement of the law applicable to the facts as shown by the record herein.

Wiltrout, J., concurs in this opinion.

NOTE.—Reported in 92 N. E. 2d 734.