Neese *v.* Boatright.

[No. 18,487.   Filed April 1, 1954. Rehearing denied May 14, 1954.
Transfer denied September 14, 1954.]

*Joseph F. Quill, Symmes, Fleming & Symmes,* of Indianapolis, for appellant.

*Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellee.

ACHOR, J.—This is an action in negligence for personal injury and property damage. At the time of the collision, appellant's car was making a left hand turn from the south side of West Michigan Street, across the north side thereof, for the purpose of entering the driveway of the Coleman Hospital at Indianapolis. Appellee was driving his automobile westward along the north side of said street. The complaint among other things alleged that appellee was driving his automobile at an unreasonably high rate of speed. Judgment was for the defendant (appellee).

One of the errors assigned as cause for a new trial was the giving of appellee's instruction numbered 8. This instruction was as follows:

"You are further instructed that the violation of any statute of the State of Indiana regulating the use and operation of motor vehicles upon the highways of such State is a negligent act. If you find from a fair preponderance of the evidence that the plaintiff, driver of said automobile, violated any of the laws of the State of Indiana at the time and place in question and as shown by the evidence, then such violation of law was a negligent act and if you further find from a fair preponderance of the evidence that such negligent act or acts of such plaintiff, the driver, was the sole proximate cause of said accident and injuries, if any, sustained by plaintiff, the plaintiff would not be entitled to recover in this action."

The objection to the giving of said instruction was as follows:

"The plaintiff objects to defendant's tendered instruction No. 8 for the reason that the violation of a statute is only prima facie evidence. It also goes beyond any issue as the statute quoted would make the jury guess as to whether or not such statute was violated."

The instruction was erroneous for two reasons. First, it instructed the jury "that the violation of any statute of the State of Indiana regulating the use and operation of motor vehicles upon the public highways . . . is a negligent act." The law upon this issue was discussed at length in the case of *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 400, 401, 98 N. E. 2d 896. In that case the court stated:

"Thus it may be said that where one has violated the provisions of a statute or ordinance in the operation of an automobile on a public highway, he is guilty of negligence as a matter of law unless the evidence discloses that compliance was impossible or non-compliance was excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the

statute itself. It follows that whether conduct violative of the provisions of the statute is negligent conduct may sometimes be a question for the jury to determine. When there is evidence that a statute governing the operation of motor vehicles has been violated under circumstances mentioned in the rule above stated, such violation becomes, in effect, nothing more than *prima facie* evidence of negligence, subject to being overcome by proof to the contrary, and the jury should be so instructed. . . . *Northern Indiana Transit* v. *Burk, supra* (1950), 228 Ind. 162, 89 N. E. 2d 905. In such cases we think it would be proper to instruct the jury that if they find from a fair preponderance of the evidence that the defendant violated the provisions of the statute, he was guilty of negligence, unless they further find from a fair preponderance of the evidence that compliance was impossible or non-compliance was excusable under the rule above stated.

"It is not error to instruct the jury that the violation of a statute is negligence *per se,* or negligence as a matter of law, where there is no evidence or permissible inference of any fact or facts which would tend to excuse such conduct. *Northern Indiana Transit* v. *Burk, supra; Hancock Truck Lines* v. *Butcher* (1950), 229 Ind. 36, 94 N. E. 2d 537; . . ."

The instruction erroneously failed to fully inform the jury that the violation of the statute for the control of traffic is negligence *"unless . . . compliance was impossible or non-compliance was excusable* under the rule above stated." *Larkins* v. *Kohlmeyer, supra.* This court, after considering the issues above presented and the opinion thereon expressed in the *Larkins* case, *supra,* stated the rule as follows:

". . . violation of the statute could be 'nothing more than *prima facie evidence of negligence,* subject to being overcome by proof to the contrary and *the jury should be so instructed.'* Failure to (so) instruct the jury was error."

*Thompson* v. *Ashba* (1951), 122 Ind. App. 58, 65, 102 N. E. 2d 519. Furthermore, since the instruction, in a broad and all inclusive manner, encompassed not only the violation of "any statute . . . regulating the use and operation of motor vehicles," but also "any statute of the State of Indiana," we are not able to say that there was no evidence of any fact which might excuse the violation thereof, for we are not able to determine what statute the jury may have considered as being within the scope of the evidence.

The instruction was erroneous for a further reason:

> "The purpose of instructing jurors is to advise them of the particular questions they are to determine, and to inform them as to the law and how to apply it to the facts as they find the facts to be from the evidence. *Conner* v. *Jones* (1915), 115 Ind. App. 660, 59 N. E. 2d 577, . . ."

Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, § 1510(14), ch. 18, page 240. However, said instruction failed completely in the above purpose. It did not aid the jury in applying the law to the facts. On the contrary, it called upon the jury to determine from the evidence whether appellant may have "violated *any of the laws* of the State of Indiana," without identification, classification or limitation. Such an instruction would invite extensive professional inquiry into fields of both the statutory and common law. It presented an almost limitless field for speculation by a jury of ordinary men and women.

Finally, we are confronted with the question as to whether or not the judgment, nothwithstanding the erroneous instruction, can be affirmed on the ground that a fair trial was had and a just result reached. The instruction was mandatory. The

rule with respect to the effect of the giving of an erroneous instruction has been stated as follows:

> ". . . The reviewing court will assume that an erroneous instruction influenced the result unless it appears from the interrogatories, the evidence, or some other part of the record that the verdict under proper instructions could not have been different. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E, 242; *Probst, Receiver* v. *Spitznagle* (1933), 215 Ind. 402, 19 N. E. 2d 263; *Sweeney* v. *Vierbuchen* (1946), 224 Ind. 341, 66 N. E. 2d 764."

Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, § 2785, *Comment* 2, Ch. 56, pp. 365, 366.

This court is not permitted to consider the weight of the evidence upon the issue of contributory negligence on the part of appellant. We are confronted by the fact that, although contradicted, there was some evidence to the effect that before making the left hand turn appellant made a hand signal of such intention, that he stopped and looked for approaching traffic and that seeing none, he proceeded across the left side of the street at a reduced speed. The evidence is not disputed that it was nighttime, that appellee drove his car at a speed in excess of 20 miles an hour, although there was a light rain, and the area was a hospital zone which a jury might conclude was a "business district" within the meaning of § 47-2004 (c) (1), Burns' 1952 Replacement, which statute limits speed in business districts to 20 miles an hour under non-hazardous conditions.

Under the above circumstances, this court cannot say as a matter of law that appellee was not guilty of negligence or that his negligence was not the proximate cause of the injury and damage. Neither can we say that appellant was guilty of contributory negligence as

a matter of law. Consequently, we cannot say that under proper instructions the verdict may not have been different.

Judgment reversed with instructions for the trial court to sustain the motion for a new trial.

Royse, J. not participating.

NOTE.—Reported in 118 N. E. (2d) 510.