JENKINS *v.* CITY OF FORT WAYNE.

[No. 19,937. Filed September 28, 1965. Rehearing denied
January 11, 1966. Transfer denied April 27, 1966.]

Richard C. Ver Wiebe, of Fort Wayne, and Richard J. Sullivan, of Decatur, for appellant.

Robert L. Hines and Max E. Hobbs, Associate City Attorneys, and J. R. Arnold, of Fort Wayne, for appellee.

FAULCONER, J.—Appellant brought this action for damages for personal injuries resulting from a collision between an automobile driven by him and one of appellee's police cars at an intersection in the City of Fort Wayne, Indiana. The cause was originally filed in the Superior Court of Allen County and later venued to the Adams Circuit Court.

Trial was by jury which returned a verdict for defendant-appellee herein, and judgment was entered thereon. Appellant's sole assignment of error is the overruling of his motion for a new trial.

For the purpose of this opinion we need consider only the giving of Court's Instruction No. 6, and defendant-appellee's Instruction No. 7, over the objections of appellant.

Court's Instruction No. 6 stated,

"I instruct you that contributory negligence is negligence on the part of the plaintiff or injured person which causes or partly causes his or her injuries; in other words, if an

injured person does or omits to do some act which a reasonable careful and prudent person would have done or omitted to do under the circumstances of the particular instance, and that act or omission partly causes his or her injury, this is contributory negligence.

"By contributory negligence is meant negligence contributing to the injury complained of.

"Contributory negligence is a defendant, [defense] and if it is shown by the evidence to exist, plaintiff cannot recover. The burden of proving contributory negligence is on the defendant, but it may arise in the whole evidence."

This identical instruction was before this court in *Dunbar* v. *Demaree* (1936), 102 Ind. App. 585, 594, 2 N. E. 2d 1003, and *Andrews* v. *Palmer* (1926), 85 Ind. App. 354, 154 N. E. 34. This court in the *Andrews* case, at page 355 of 85 Ind. App., stated:

"Instruction No. 12 is a misstatement of law which may have misled the jury."

And, further, at page 356:

"We have carefully examined the record, and from such examination we are unable to determine that the correct result was reached. Therefore we cannot say that the error in the giving of the instruction was harmless."

In the *Dunbar* case this court made the following statement, regarding the same instruction, at page 594 of 102 Ind. App.:

"[W]e are of the opinion that, even though it might be said to be erroneous in the case at bar, it was not prejudicial to the appellants since a correct result was reached."

This identical instruction, to our knowledge, has never been before the Supreme Court of Indiana. However, the correct definition of contributory negligence was set out in *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, at page 555, 13 N. E. 2d 712, as follows:

"'. . . If an injured person does or omits to do some act or thing which a reasonably careful and prudent person would

*not* have done or omitted to do under the same or like circumstances and such act or omission causes or partly causes or contributes to his injury, this is contributory negligence.' " (Emphasis supplied.)

The giving of Court's Instruction No. 6 is, in our opinion, reversible error for two reasons: (1) It is a flagrant misstatement of the law and its use should not be encouraged by using a fiction that the jury might have reached the same result had it been given a proper definition of contributory negligence; and, (2) By not reversing for its use, we would be substituting our judgment for that of the jury which is not, in our opinion, the function of a review court.

This court now holds that Court's Instruction No. 6 given in the case at bar is an erroneous instruction and misstatement of the law and should not be used.

Appellant objected to the giving of defendant-appellee's Instruction No. 7 by the court, which instruction reads as follows:

"You are instructed that the violation of a positive statute of the State of Indiana constitutes negligence per se. Therefore, if you should find from a preponderance of the evidence that the Plaintiff violated the statute requiring a driver to yield the right of way to an authorized emergency vehicle and that said [v]iolation proximately contributed to bring about his injuries, then the Plaintiff's action constitutes negligence and your verdict should be against the Plaintiff, on his complaint."

Appellant asserts that the violation of a statute or ordinance is only prima facie evidence of negligence, while appellee asserts that it is negligence *per se,* and cites *Gagle* v. *Heath* (1944), 114 Ind. App. 566, 53 N. E. 2d 547. It is important to note that in the *Gagle* case the court was called upon to determine only if the trial court had properly sustained a demurrer to the complaint. Finding an allegation of a violation of a statute in the complaint, this court reversed the holding that the complaint had stated a cause of action.

The rule in Indiana is clearly stated in *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, at pages 457-458, 179 N. E. 2d 571, as follows:

"Generally, the violation of a duty prescribed by statute or ordinance is negligence *per se* or as a matter of law. *Northern Indiana Transit, Inc.* v. *Burk et al.* (1950), 228 Ind. 162, 172, 89 N. E. 2d 905, 17 A. L. R. 2d 572; *Hayes Freight Lines, et al., Inc.* v. *Wilson* (1948), 226 Ind. 1, 5, 77 N. E. 2d 580; *Indiana, Bloomington and Western Railway Company et al.* v. *Barnhart* (1888), 115 Ind. 399, 16 N. E. 121; *Prest-O-Lite Company* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A, 474; *Rimco Realty & Investment Corporation* v. *LaVigne et al.* (1943), 114 Ind. App. 211, 50 N. E. 2d 953; *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 398, 98 N. E. 2d 896; *Rentschler* v. *Hall* (1947), 117 Ind. App. 255, 261, 264, 69 N. E. 2d 619; *Grand Trunk Western R. Co.* v. *Briggs* (1942), 112 Ind. App. 360, 369, 42 N. E. 2d 367.

"Exceptions to this general rule have been recognized in Indiana where compliance with the provisions of the statute or ordinance was impossible *or noncompliance was excusable*. Under such circumstances such violation becomes, in effect, nothing more than prima facie evidence of negligence. *Larkins* v. *Kohlmeyer, supra* (1951), 229 Ind. 391, 399, 98 N. E. 2d 896; *Northern Indiana Transit, Inc.* v. *Burk et al., supra* (1950), 228 Ind. 162, 173, 89 N. E. 2d 905, 17 A. L. R. 2d 572." (Emphasis supplied.)

The law was discussed at length in *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, at pages 400-401, 98 N. E. 2d 896, in which the Supreme Court said:

"Thus it may be said that where one has violated the provisions of a statute or ordinance in the operation of an automobile on a public highway, he is guilty of negligence as a matter of law unless the evidence discloses that compliance was impossible or non-compliance was excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself. It follows that whether conduct violative of the provisions of the statute is negligent conduct may sometimes be a question for

the jury to determine. When there is evidence that a statute governing the operation of motor vehicles has been violated under circumstances mentioned in the rule above stated, such violation becomes, in effect, nothing more than *prima facie* evidence of negligence, subject to being overcome by proof to the contrary, and the jury should be so instructed. The duty of coming forward with evidence to sustain such a defense is upon the operator of the vehicle. *Northern Indiana Transit, Inc.* v. *Burk, supra.* In such cases we think it would be proper to instruct the jury that if they find from a fair preponderance of the evidence that the defendant violated the provisions of the statute, he was guilty of negligence, unless they further find from a fair preponderance of the evidence that compliance was impossible or non-compliance was excusable under the rule above stated.

"It is not error to instruct the jury that the violation of a statute is negligence *per se,* or negligence as a matter of law, when there is no evidence or permissible inference of any fact or facts which would tend to excuse such conduct. *Northern Indiana Transit, Inc.* v. *Burk, supra; Hancock Truck Lines* v. *Butcher* (1950), 229 Ind. 36, 94 N. E. 2d 537; . . ."

In *Neese* v. *Boatright* (1954), 124 Ind. App. 680, at page 683, 118 N. E. 2d 510, in considering a similar instruction, Judge Achor, speaking for this court, said:

"The instruction erroneously failed to fully inform the jury that the violation of the statute for the control of traffic is negligence *'unless . . . compliance was impossible or non-compliance was excusable* under the rule above stated.' *Larkins* v. *Kohlmeyer, supra.* This court, after considering the issues above presented and the opinion thereon expressed in the *Larkins* case, *supra,* stated the rule as follows:

" '. . . violation of the statute could be "nothing more than *prima facie evidence of negligence,* subject to being overcome by proof to the contrary and *the jury should be so instructed."* Failure to (so) instruct the jury was error.' "

From a careful review of the evidence in this case we are of the opinion that the evidence was not devoid of any facts

regarding excuse or impossibility of compliance, and that the jury could have found that the violation, if any, of the statute might have been excusable or compliance impossible. Therefore, the issue of excuse or impossibility of compliance should have been submitted to the jury under proper instruction. Failure to so inform the jury was error.

Appellee's Instruction No. 7 is further erroneous, in our opinion, on the ground that it is a mandatory instruction and, as given, under the facts of this case, invades the province of the jury by ignoring the evidence regarding possible excuse for violation of the statute or impossibility of compliance therewith.

Where an instruction assumes to set out all the elements essential to a recovery, and directs the jury to return a verdict for the plaintiff if the jury finds such elements to have been established, but omits an essential element, the instruction is erroneous and cannot be cured by other instructions. *Nepsha* v. *Wozniak* (1950), 120 Ind. App. 362, 366, 92 N. E. 2d 734; *Cochran* v. *Wimmer* (1949), 118 Ind. App. 684, 691, 81 N. E. 2d 790 (Transfer denied). 28 Ind. Law Encyc., Trial, § 183, p. 170.

For the giving of Court's Instruction No. 6 and defendant-appellee's Instruction No. 7 the judgment of the trial court is reversed with instructions to grant appellant's motion for new trial, and for further proceedings not inconsistent with this opinion.

Judgment reversed with instructions.

Carson, Hunter, Mote and Smith, JJ., concur.* Prime, P. J., concurs in result. Bierly, C. J., and Wickens, J., not participating.

---

* While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.

## On Petition for Rehearing.

FAULCONER, J.—Appellee has timely filed its petition for rehearing specifying that this court erred in deciding that the giving by the trial court of defendant-appellee's Instruction No. 7 and the trial court's Instruction No. 6 was reversible error. Appellee's petition for rehearing is upon the ground that this court held the giving of said instructions was error for reasons advanced by the appellant on appeal which were other than those specified by appellant in his objections at the trial of said cause.

In reviewing the briefs we find that the specific objections made by appellant are in the record section of his brief and that appellant has summarized said objections in the argument section thereof. We further note that, although appellee now contends that we adopted the reasons urged in appellant's argument on appeal, no such alleged change was pointed out by appellee in its reply brief. Be that as it may, we are of the opinion that appellee's petition for rehearing should be denied.

As to Instruction No. 7, a review of appellant's specific objection thereto amply covered the ground upon which we held the giving of said instruction reversible error. Part of appellant's objection was, "and said instruction leaves the impression with the Jury that failure to yield the right of way in and of itself is negligence per se."

Instruction No. 6 was an obvious misstatement of the definition of contributory negligence as it exists in this State and, as we stated in our opinion at page 392 of 210 N. E. 2d, "its use should not be encouraged by using a fiction that the jury might have reached the same result had it been given a proper definition of contributory negligence; and, (2) By not reversing for its use, we would be substituting our judgment for that of the jury . . ." Our opinion on this instruction has not changed.

This instruction is also to be condemned as error and as prejudicial for the reason that after the definition the court instructed the jury that "if it [contributory negligence] is shown by the evidence to exist, plaintiff cannot recover." We cannot presume that the jury didn't take the erroneous definition given, apply it to the evidence and arrive at the conclusion that contributory negligence existed and, therefore, that plaintiff could not recover.

Appellee's petition for rehearing is denied.

Prime, C. J., Smith, P. J., Carson, Hunter and Mote, JJ., concur. Bierly and Wickens, JJ., not participating.

NOTE.—Reported in 210 N. E. 2d 390. Rehearing denied in 212 N. E. 2d 917.