The Town of Knightstown v. Musgrove.

No. 13,763.

THE TOWN OF KNIGHTSTOWN v. MUSGROVE.

NEGLIGENCE.—*Town.—Obstruction in Street. - Contributory Negligence of Third Person.*—The contributory negligence of the driver and manager of a carriage will not defeat an action by one who was passively riding with him upon invitation, for personal injuries caused by the negligence of town authorities in leaving a dangerous obstruction in the street, without proper safeguards, if the person injured be himself without fault.

SAME.—*General Rule.*—One who sustains an injury without any fault of his own, or of some one subject to his control or direction, or with whom he is so identified in a common enterprise as to become responsible for the consequences of his acts, may look for compensation to any other person whose neglect of duty caused the injury, although the negligence of a third person, with whom he did not sustain the above relations, may have contributed thereto.

SAME.—*When Negligence of Third Person is a Defence.*—Before the concurrent negligence of a third person can be interposed to shield another, whose negligence has caused an injury to one who was without fault, it must appear that the injured person and the one whose negligence con·tributed to the injury sustained such a relation to each other, in respect to the matter then in progress, that in contemplation of law the negligent act of the third person was, upon the principles of agency, or co-operation in a common or joint enterprise, the act of the person injured.

From the Henry Circuit Court.

*L. P. Newby, J. H. Mellett* and *E. H. Bundy,* for appellant.
*J. L. Shelton, W. Woods, B. F. Davis, W. H. Martz, C. S. Hernly* and *S. H. Brown,* for appellee.

MITCHELL, J.—Lucinda Musgrove sued the town of Knightstown to recover damages for injuries alleged to have been sustained by her on the 1st day of July, 1886, without any fault on her part, while riding along a public street in the above mentioned town, in which there was a dangerous unguarded obstruction.

There was a trial by jury and a verdict and judgment in favor of the plaintiff for seven hundred dollars.

The evidence tended to show that two or more loads of gravel had been hauled upon the street, by the direction of the authorities, late in the evening of the day on which the accident happened, and that they had been left in such manner as to make a gravel heap eighteen or twenty inches in height, and that there were no lights or other arrangements to prevent persons lawfully using the street from running upon the obstruction caused by the gravel. The plaintiff and her niece, a girl some sixteen years old, while riding in the evening after dark, for recreation, upon the invitation of a Mr. Hunter, were driven upon the obstruction thus left, and thrown out of the carriage, which was overturned. Hunter was the owner of the horse and vehicle, and had them in his charge at the time of the accident.

At the trial the defendant offered to prove that Hunter had been at the place where the gravel was unloaded, on the evening of the accident, and that he talked with the men who hauled it about leaving it there in the condition in which it was left. The object of the testimony was to show contributory negligence on the part of Hunter, with a view of insisting that the plaintiff was so identified with him as that his negligence should be imputed to her. The testimony having relation to that subject was all excluded and it is now urged that the judgment ought to be reversed on account of this ruling. It is not claimed that the plaintiff was herself guilty of any default, nor was it proposed to show that she knew or had any reason to suspect that Hunter was not a prudent, safe and competent driver, but, assuming that the excluded evidence would have shown that Hunter was negligent, the claim is, that his neglect ought to be imputed to the plaintiff, and that her right of recovery should have been thereby defeated, notwithstanding the neglect of the defendant. *Thorogood* v. *Bryan*, 8 C. B. 115, is perhaps the leading case in support of the doctrine upon which a reversal is claimed. It appeared in that case that a passenger who had alighted from an omnibus was run down and

fatally injured by an omnibus belonging to another line, which came up at the moment. The jury were instructed to the effect that if they should find that the negligence of the driver of the vehicle in which the deceased was a passenger, in not drawing up to the curb in such manner as to afford him a safe place to alight, had contributed to the injury, their verdict must be for the defendant, although the driver of the omnibus owned by the latter was also guilty of negligence. The doctrine of this case, and of those which follow it, ascribe to the passenger the negligence of a driver over whom the passenger has no control. The authority of the case has been greatly impaired in England by criticisms upon it in later cases, and the courts of this country, with but one or two exceptions, now hold the principles upon which it rests wholly indefensible. *Little* v. *Hackett*, 116 U. S. 366 ; *Wabash, etc., R. W. Co.* v. *Shacklet*, 105 Ill. 364 (44 Am. R. 791) ; *Carlisle* v. *Brisbane*, 113 Pa. St. 544 (57 Am. R. 483, and note) ; *Street R. W. Co.* v. *Eadie*, 43 Ohio St. 91 ; *Philadelphia, etc., R. R. Co.* v. *Hogeland*, 66 Md. 149 (7 Atl. R. 105) ; *Cuddy* v. *Horn*, 46 Mich. 596 ; *Battishill* v. *Humphery* (Mich.), 31 N. W. R. 894 ; *Nisbet* v. *Town of Garver* (Iowa), 39 N. W. R. 516 ; *Follman* v. *City of Mankato*, 35 Minn. 522 ; *New York, etc., R. R. Co.* v. *Steinbrenner*, 47 N. J. L. 161 ; *Robinson* v. *New York, etc., R. R. Co.*, 66 N. Y. 11 ; *Dyer* v. *Erie R. W. Co.*, 71 N. Y. 228 ; *Masterson* v. *New York, etc., R. R. Co.*, 84 N. Y. 247.

Without entering upon a review of the cases, it is sufficient to say the general principle deducible from the decisions is, that one who sustains an injury without any fault or negligence of his own, or of some one subject to his control or direction, or with whom he is so identified in a common enterprise as to become responsible for the consequences of his negligent conduct, may look to any other person for compensation whose neglect of duty occasioned the injury, even though the negligence of some third person with whom the

injured person was not identified as above may have contributed thereto. Beach Con. Neg., section 33.

Before the concurrent negligence of a third person can be interposed to shield another whose neglect of duty has occasioned an injury to one who was without personal fault, it must appear that the person injured and the one whose negligence contributed to the injury sustained such a relation to each other, in respect to the matter then in progress, as that in contemplation of law the negligent act of the third person was, upon the principles of agency, or co-operation in a common or joint enterprise, the act of the person injured. Until such agency or identity of interest or purpose appears, there is no sound principle upon which it can be held that one who is himself blameless, and is yet injured by the concurrent wrong of two persons, shall not have his remedy against one who neglected a positive duty which the law enjoined upon him.

In a case like the present, where one accepts the invitation of another to ride in his carriage, thereby becoming in effect his comparatively passive guest, without any authority to direct or control the conduct or movements of the driver, or without reason to suspect his prudence or competency to drive in a careful and skilful manner, there is no reason why the want of care of the latter should be imputed to the former, so as to deprive him of the right to compensation from one whose neglect of duty has resulted in his injury.

As was in effect said in *Brannen* v. *Kokomo, etc., Co.,* 115 Ind. 115, this court has heretofore adopted and followed the line of decisions which hold that in such a case negligence will not be so imputed. *Town of Albion* v. *Hetrick,* 90 Ind. 545; *Terre Haute, etc., R. R. Co.* v. *McMurray,* 98 Ind. 358 (369).

In *Brannen* v. *Kokomo, etc., Co., supra,* the conclusions above stated were distinctly recognized. It appeared, however, in that case that the owner and driver of a team, in whose wagon the plaintiff, with others, was seated, attempted while in a state of intoxication to run the toll-gate without

paying toll. Inasmuch as it did not appear but that the plaintiff knew of, and acquiesced in the driver's purpose to commit the contemplated wrong, it was properly held, within the conclusions above declared, that he was so co-operating with the driver as that in the absence of exculpatory evidence the act of the driver was the act of the plaintiff. The principle which controlled in the decision of that case is not applicable here. In some jurisdictions attempts are sometimes made to distinguish between the rights of one who is injured while being carried as a passenger in a public conveyance, and when riding in a private conveyance. There does not seem to be any substantial ground upon which to rest such a distinction. The inquiry in either case must be, was the relation of the person whose negligence is sought to be attributed to the person injured such that the latter had at least an equal right to direct and control the movements of the conveyance, or that he would have been jointly liable to a third person for the consequences of the negligent conduct of the former?

The plaintiff was lawfully using the street at the time she suffered the injury. It was the duty of the corporation to keep the street in such condition that persons using it properly, who were not so deficient in reasonable prudence and ordinary care as to bring injury upon themselves, could do so without peril.

It should be observed that the doctrine of imputable negligence as applicable to the relation of parent and child, and other kindred relations, which has been the subject of much recent discussion, is not involved in the facts of the present case, although the conclusions reached might seem to cover cases involving that relation, especially where the action is by an infant. That question is, however, to be considered open for examination when it arises.

The evidence tends to sustain the verdict.

The judgment is therefore affirmed, with costs.

Filed Nov. 9, 1888.