NOVEMBER TERM, 1891.          139

The Louisville, New Albany and Chicago Railway Co. *v.* Creek, Adm'r.

Judgment affirmed.

Filed Jan. 7, 1892.

---

No. 15,256.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* CREEK, ADMINISTRATOR.

PRACTICE.—*Technicalities.—Disregarding.—Informalities.*—Slight informalities, or failures to comply strictly with the rules of practice, in matters where such informalities or omissions will not work injustice or impose any hardship on the opposite party, should be disregarded when a substantial controversy existing between the parties is so presented that the court can apply the law and adjust their rights.

INTERROGATORIES TO JURY.—*When Control General Verdict.*—A general verdict can be overturned by the special findings of the jury only when such verdict and findings can not be reconciled with each other under any supposable State of facts provable under the issues.

SAME.—*Presumption in Favor of General Verdict.*—The court will not presume anything in aid of the special findings of a jury, but will make every reasonable presumption in favor of the general verdict.

SAME.—*Motion.—Sufficiency of.*—Motion as follows: "The defendant files motion for judgment on answers to interrogatories notwithstanding the general verdict for plaintiff."

*Held,* sufficient, though deemed very informal.

NEGLIGENCE.— *Wife Injured at Railroad Crossing when Riding with Her*

The Louisville, New Albany and Chicago Railway Co. *v.* Creek, Adm'r.

*Husband.—Imputing His Negligence to Her.*—A wife injured at a railroad crossing by the negligence of the railway company, while travelling with her husband who is driving his wagon in which she is riding, is not prevented from recovering her damages from such company by reason of the fact that he was guilty of negligence in approaching such crossing. His negligence in such an instance is not imputed to her.

From the Carroll Circuit Court.

*E. C. Field* and *C. C. Matson,* for appellant.

*J. H. Gould,* for appellee.

McBRIDE, J.—Suit by the appellee, as administrator of the estate of Matilda McClintic, who was killed on a highway crossing by one of the appellant's locomotive engines.

The complaint charges, in substance, that the decedent's death was caused by the actionable negligence of the appellant, in this, that appellant had allowed a hedge, together with trees, bushes and weeds, to grow along the line of its track, and adjacent to said crossing, to such height and so densely that for a long distance all view of the track was cut off from persons on the highway; that the same obstructions, together with buildings erected along and near its track, tended to deaden and cut off the sound of approaching trains; that employees of appellant, in charge of and operating said locomotive engine, and drawing a train of cars, ran the same upon and over said crossing at a speed of thirty miles an hour, without having given the signals required by statute; that the decedent, with her husband, was travelling along said highway in a buggy; that they were at the time passing over said crossing, using due care, and guilty of no negligence, and were struck by said locomotive and decedent was killed.

Verdict for the appellee. With the verdict the jury returned answers to forty-six interrogatories propounded by the appellant. The appellant moved for a judgment on the answers to interrogatories notwithstanding the general verdict. This motion was overruled, and this ruling presents the only question in the record.

The appellee contends that the motion was fatally defective, and does not raise the question argued.

The record entry of the motion is as follows :

" Comes now the defendant, and moves the court for a judgment upon the answers of the jury to the interrogatories submitted, notwithstanding the general verdict, which motion is in these words :

" '*State of Indiana, Carroll County, ss.* :

" ' In the Carroll Circuit Court, May term, 1889.

" ' Creek, Adm'r McClintic, *vs.* L., N. A. & C. Ry. Co.

" ' The defendant files motion for judgment on the answers to interrogatories notwithstanding the general verdict for plaintiff.' "

This motion was in writing, and was signed by counsel for the appellant.

Counsel for the appellee says :  " We submit that it is no motion at all.  It merely announces that the appellee files motion, but where is it ?  And for whom is judgment asked ?  No question was presented by such a paper.  Besides, as the appellant did not move for a judgment *in its favor*, it is not injured by the court's rulings."

The motion is certainly lacking in formality and in certainty.

Rules of practice and procedure are necessary for the orderly conduct of litigation, and as aids in the administration of justice.

It is no hardship to require of litigants substantial conformity to reasonable rules.

It is possible, however, by an over rigid and strict enforcement of the rules of practice, to make them hindrances to the doing of justice, rather than aids.   When a substantial controversy in fact exists between parties, which is so presented that the court can apply the law, and adjust their rights, it would not be in accordance with the spirit of an enlightened jurisprudence to refuse to do so, merely because of some slight informality, or a failure by one party to com-

ply strictly with the rules of practice in matters where the informality or omission will not work injustice, or impose any hardship upon the opposite party. Thus applied, most beneficent rules might often serve as intrenchments for injustice.

In our opinion, notwithstanding the informality and lack of precision and certainty in the motion, it is sufficient as a motion by the appellee for a judgment in its favor, and it is our duty to consider the questions thus presented.

The motion for a judgment *non obstante* is based upon the ground :

1st. That the answers to interrogatories show that the appellee's decedent was guilty of contributory negligence.

2d. That if this is not true, they do show that the husband of the decedent, with whom she was riding at the time she was killed, *was* guilty of negligence, and that his negligence should be imputed to her, and precludes a recovery by her administrator.

A motion for a judgment on special findings notwithstanding the general verdict should only be sustained when the special findings and the general verdict can not be reconciled with each other under any supposable state of facts provable under the issues. *Stevens* v. *City of Logansport*, 76 Ind. 498 ; *Pittsburgh, etc., R. W. Co.* v. *Martin*, 82 Ind. 476 ; *Higgins* v. *Kendall*, 73 Ind. 522 ; *Louthain* v. *Miller*, 85 Ind. 161 ; *Amidon* v. *Gaff*, 24 Ind. 128 ; *Shoner* v. *Pennsylvania Co., post*, p. 170 ; *Town of Poseyville* v. *Lewis*, 126 Ind. 80 ; *Cincinnati, etc., R. R. Co.* v. *Clifford*, 113 Ind. 460.

The court will not presume anything in aid of the special findings, but will make every reasonable presumption in favor of the general verdict. *Pittsburgh, etc., R. W. Co.* v. *Martin, supra ; Shoner* v. *Pennsylvania Co., supra ; Town of Poseyville* v. *Lewis, supra,* and cases cited.

As above stated, the special findings were forty-six in number. They were also long, and no good purpose would be subserved by incorporating them into this opinion.

After a careful examination, we are of the opinion that no specific fact is found which would justify us in disregarding the general finding that she was free from contributory negligence, necessarily embraced in the general verdict.

The principal argument of appellant's counsel is directed to the question of imputed negligence. Their position is, that because of the relations existing between husband and wife, and because of his duty to care for and protect her, if a wife places herself in her husband's care, by riding in a conveyance driven or controlled by him, and he is guilty of negligence in the control or management of the conveyance, his negligence is her negligence. If she is at the same time hurt by the negligence of another, being herself entirely free from fault, yet if the husband's negligence contributes to her injury, his negligence will be imputed to her, and she can not recover.

We can not sanction this doctrine. It was expressly repudiated by this court in the case of *Miller* v. *New Albany, etc., R. W. Co.,* 128 Ind. 97. There are cases where the negligence of one person will be imputed to another, but, as stated in the case last cited, the extreme doctrine has never been sanctioned by this court. See, also, *City of Michigan City* v. *Boeckling,* 122 Ind. 39.

The extent to which the doctrine of imputable negligence is recognized in this State is thus stated by MITCHELL, J., in *Town of Knightstown* v. *Musgrove,* 116 Ind. 121, at page 124: " Before the concurrent negligence of a third person can be interposed to shield another whose neglect of duty has occasioned an injury to one who was without personal fault, it must appear that the person injured and the one whose negligence contributed to the injury sustained such a relation to each other, in respect to the matter then in progress, as that in contemplation of law the negligent act of the third person was, upon the principles of agency, or co-operation in a common or joint enterprise, the act of the person injured. Until such agency or identity of interest

or purpose appears, there is no sound principle upon which it can be held that one who is himself blameless, and is yet injured by the concurrent wrong of two persons, shall not have his remedy against one who neglected a positive duty which the law enjoined upon him." The court in the same case further says: "Where one accepts the invitation of another to ride in his carriage, thereby becoming in effect his comparatively passive guest, without any authority to direct or control the conduct or movements of the driver, or without reason to suspect his prudence or competency to drive in a careful and skilful manner, there is no reason why the want of care of the latter should be imputed to the former, so as to deprive him of the right to compensation from one whose neglect of duty has resulted in his injury."

We can see no good reason why the foregoing statement may not apply to a wife riding with her husband with as much reason as to a stranger riding with him, nor why she may not be in such case a mere passive guest, without authority to direct or control his movements and without reason to suspect his prudence or his skill. A husband and wife may, undoubtedly, sustain such relations to each other in a given case that the negligence of one will be imputed to the other. The mere existence of the marital relation, however, will not have that effect.

In our opinion there would be no more reason or justice in a rule that would in cases of this character inflict upon a wife the consequences of her husband's negligence, solely and alone because of that relationship, than to hold her accountable at the bar of eternal justice for his sins because she was his wife.

In the case at bar the complaint contains the following averment: * * * "Her said husband, driving said horse, and managing and controlling said horse and buggy, the said Matilda having no control of her said husband, and no control or management of said horse and buggy."

In aid of the general verdict it will be presumed that this averment was sustained by the evidence.

It is unnecessary to express any opinion as to the effect of the special findings in showing negligence on the part of the husband.    As the case comes to us it is not material whether he was negligent or not.

Judgment affirmed, with costs.

Filed Jan. 7, 1892.