## BROWN v. SLENTZ.

[No. 29,528. Filed January 20, 1958.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* both of Auburn, for appellant.

*Winslow Van Horne,* of Auburn, for appellee.

LANDIS, J.—Appellant brought suit for loss of services of minor son and for medical bills paid by appellant for treatment of his son's injuries growing out of an automobile accident in which the son was driving his father's (appellant's) car and was allegedly injured by the negligent operation of a vehicle driven by appellee.

The cause was tried by jury resulting in a verdict for appellee. An appeal was taken to the Appellate Court of Indiana, but because of the equal division of the members of said court as to the disposition of said appeal, the cause was transferred to the Supreme Court under Burns' Indiana Statutes, §4-209, 1946 Replacement.

Appellant has cited six Indiana cases in support of his contention that the contributory negligence of the child is not imputable to the parent in the case before us. They are: *The Town of Knightstown* v. *Musgrove* (1888), 116 Ind. 121, 18 N. E. 452; *The Louisville, New Albany and Chicago Railway Co.* v. *Creek, Admr.* (1892), 130 Ind. 139, 29 N. E. 481, 14 L. R. A. 733; *The Board of Commissioners of Boone County* v. *Mutchler* (1894), 137 Ind. 140, 36 N. E. 534; *Union Traction Co.* v. *Gaunt* (1923), 193 Ind. 109, 135 N. E. 486, 23 A. L. R. 649; *Lee* v. *Layton* (1933), 95 Ind. App. 663, 167 N. E. 540; *Gagle* v. *Heath* (1944), 114 Ind. App. 566, 53 N. E. 2d 547.

An examination of these cases reveals, however, that the first three cases above cited were not actions in which the negligence of the minor child was attempted to be imputed to the plaintiff-parent, but were simply actions by passengers or their administrators in which

the general rule that the contributory negligence of the operator is not imputable to the passenger in the absence of agency or joint enterprise, was applicable. The *Gagle* and *Lee* cases were actions for property damage involving the non-imputability of the bailee's contributory negligence to the bailor, and the *Union Traction* case held a parent suing for loss of services of his minor child was not bound by the contributory negligence of a school bus driver.

Appellee has cited two cases in support of his position and they appear to us to be in point. They are: *The Chicago and Great Eastern Railway Company* v. *Harney* (1867), 28 Ind. 28, 92 Am. Dec. 282; and *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440, 82 A. L. R. 1413. Both cases were actions by parent for death of a minor child in which recovery was asked for loss of services, and the question of whether the negligence of the minor child was imputable to the parent-plaintiff was directly involved. In the first case the court approved an instruction which told the jury that the contributory negligence of the child was a defense to the action. In the second case the court similarly stated the law governing a parent's action for loss of services of a minor child, as follows:

"... when the wrongful conduct of the defendant is predicated on negligence, he may avail himself of the defense of contributory negligence of the child." (204 Ind. at page 165, 178 N. E. at page 445.)

And the overwhelming weight of authority from other jurisdictions is to the same effect. See: 67 C. J. S., Parent & Child, §47, p. 752; 42 A. L. R. 717.

We have been advanced no reason why the well-settled rules as to the negligence and contributory

negligence in the case at bar should be disturbed, and we hold that the contributory negligence of the minor child herein is imputable to the parent in the latter's action for loss of services of such child growing out of the alleged negligence of another.

Finding no error, the judgment is affirmed.

Emmert, C. J., and Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 147 N. E. 2d 239.