**Jack SCHOBINGER, Plaintiff and Appellant,**

v.

**Roland Michael IVEY, Defendant and Appellee.**

**Civ. No. 900315.**

Supreme Court of North Dakota.

April 2, 1991.

Morley & Morley, Ltd., Grand Forks, for plaintiff and appellant, argued by Kenneth L. Brooks, 3rd year law student; appearance by Michael J. Morley.

Paul Robert Aamodt (argued), American Family Ins., Fargo, for defendant and appellee.

GIERKE, Justice.

Jack Schobinger appeals from a district court judgment dismissing on its merits his action against Roland Michael Ivey. We affirm.

On October 31, 1988, Schobinger's vehicle, which was being operated by his stepdaughter Tara Mathis, collided with a vehicle operated by Ivey in Grand Forks. There was negligible damage to Ivey's vehicle and extensive damage to Schobinger's vehicle.

Schobinger sued Ivey for the damage to his vehicle. The trial court found each driver to be 50% negligent and imputed Tara's negligence to Schobinger under the "family purpose doctrine". Schobinger argues on appeal that the court erred by imputing to Schobinger the negligence of the driver of his vehicle.

The family purpose doctrine was first adopted in this state in the case of *Ulman v. Lindeman,* 44 N.D. 36, 176 N.W. 25 (1919). The decision was founded upon the theory that the driver of a family car, in pursuit of recreation or pleasure, was engaged in the owner's business. The court held that the doctrine of respondeat superior applied, because the driver was either the agent or servant of the owner. The family purpose doctrine was created in furtherance of the public policy of giving an injured party a cause of action against a financially responsible defendant. *Michaelsohn v. Smith,* 113 N.W.2d 571 (N.D. 1962); *Herman v. Magnuson,* 277 N.W.2d 445, 455 (N.D.1979). This rule is firmly established in our state. The question before us is whether to go one step further and impute the driver's contributory negligence to the family vehicle owner where the owner is suing a third party for damages. This court previously considered this question in *Michaelsohn, supra* and in *Brower v. Stolz,* 121 N.W.2d 624 (N.D. 1963), and held that the family purpose doctrine has no application to a case where the owner of the family vehicle seeks to recover for damages to his vehicle proximately caused by the negligence of the driver of another vehicle, even though the family member driver of the owner's vehicle was contributorily negligent. However, these cases were decided prior to the 1973 adoption of comparative negligence in North Dakota.

The comparative negligence law is embodied in Section 9–10–07, N.D.C.C., and provides in part:

"Contributory negligence does not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed must be diminished in proportion to the amount of negligence attributable to the person recovering."

The adoption of comparative negligence causes us to re-examine whether contributory negligence should be imputed to the owner of the family vehicle due to the fact that we no longer have the harsh result that would occur under the prior contributory negligence law, when a plaintiff would not recover if the vehicle's driver was even slightly negligent.

We recognize that the weight of authority is against imputing a family member driver's negligence to the family vehicle owner when that owner sues to recover property damage. *See,* V. Schwartz, *Comparative Negligence,* Section 16.1 (2d ed. 1986) and 1 Blashfield Automobile Law and Practice, Section 62.2 (3d ed. 1965). However, we believe that fairness requires that an authorized driver's negligence should be considered in determining the extent of the family vehicle owner's recovery against third parties for damages to the family vehicle. We therefore apply a "both ways test", under which if A is vicariously liable for the acts of B, then B's contributory negligence is imputed to A for purposes of limiting or preventing A's recovery of damages against a third party tortfeasor. V. Schwartz, *Comparative Negligence,* 16.1 (2d ed. 1986).

We conclude that the family purpose doctrine should be extended to impute the driver's negligence to the owner of the family vehicle for purpose of limiting the owner's recovery for property damage against a third party tortfeasor. Accordingly, *Michaelsohn* and *Brower* are overruled to the extent that they are inconsistent with this opinion.

We affirm.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.