**Anne HOCKEMA and Stanley Hockema, Appellants–Defendants,**

v.

**J.S., by his Natural Parents Eric Secrest and Merri Nicollette Secrest; E.S., by her Natural Parents Eric Secrest and Merri Nicollette Secrest; and Eric Secrest and Merri Nicollette Secrest, Appellees–Plaintiffs.**

No. 91A02–0409–CV–748.

Court of Appeals of Indiana.

Aug. 8, 2005.

Rehearing Denied Oct. 3, 2005.

James A. Goodin, James R. Browne, Jr., Goodin Abernathy & Miller, LLP, Indianapolis, IN, for Appellants.

Robert Leirer Justice, Logansport, Elizabeth A. Justice, Crawfordsville, IN, for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

Seventeen-year-old Anne Hockema and her father Stanley Hockema appeal the trial court's grant of additur after the jury found Jacob Secrest to be 66.75% at fault and awarded $0 damages. Because under our comparative fault scheme Jacob was barred from recovering for his damages and his parents' claim for medical expenses are derivative claims, we conclude that the trial court erred by allowing the parents to recover 33.25% of Jacob's stipulated medical expenses. Consequently, we reverse and remand with instructions to reinstate the jury's verdict.[1]

### Facts and Procedural History

In September 2001, Anne was driving along Hanawalt Road in White County, Indiana. As she was driving, eight-year-old Jacob Secrest darted out into the road and collided with Hockema's vehicle. Jacob's nine-year-old sister, Erica Secrest, witnessed the collision, and Jacob's mother, Merri Secrest, came running out of her parents' house to assist Jacob immediately after the collision. Jacob's father, Eric Secrest, was not present at the scene of the accident. Jacob was transported to the hospital by ambulance with his mother accompanying him. As a result of the impact, Jacob broke his right elbow and collarbone, which required him to undergo surgery and attend physical therapy.

The Secrests filed a complaint for damages against Anne and Stanley[2] (collec-

---

1. We hereby deny the Secrests' petition for oral argument.

2. Stanley Hockema was named as a defendant pursuant to Indiana Code § 9–24–9–4(a),

tively, "the Hockemas"), which sought recovery for medical expenses; permanent injuries; emotional distress; loss of services; and pain and suffering. A jury trial ensued during which the parties stipulated that Jacob's medical expenses totaled $38,708.44. Following the presentation of evidence, the parties argued final jury instructions to the judge. Included among the final instructions were the following verdict instructions and verdict form:

### VERDICT INSTRUCTIONS

If you find the Defendant is not at fault, then your verdict must be for the Defendants, and no further deliberation of the jury is necessary. (*Use Verdict Form A–1.*)

If however you find there is fault on behalf of the Defendant, Anne Hockema, you are required to apportion the fault on a percentage basis between Jacob Secrest and Anne Hockema to determine whether the Plaintiffs are entitled to recover damages, and if so, the amount of such recovery. You may not apportion fault to any other person or entity.

You will therefore determine the comparative fault issues in this case as follows:

First, you must determine the percentage of fault, if any, of Jacob Secrest and of Anne Hockema in the proximate causation of the Plaintiffs' injuries and damages. These percentages must total 100 percent.

[I]f you find Anne Hockema is at fault and Jacob Secrest's fault is greater than 50 percent, then you must return your verdict for the Defendants and against

Jacob Secrest. No further deliberation is required as to Jacob Secrest. (*Use Verdict Form A–2.*)

However, if you find that Jacob Secrest's fault is 50 percent or less, then you must determine the total amount of damages Jacob Secrest is entitled to recover, if any, without regard to fault. Then you must multiply Jacob Secrest's total damages by Anne Hockema's percentage of fault and return your verdict for Jacob Secrest and against the Defendants in the amount of the product of that multiplication. (*Use Verdict Form B–1.*)

If you find that Anne Hockema is at fault *at all*, [then] you must also determine the total amount of damages Eric Secrest, Merri Secrest, and Erica Secrest are each entitled to recover, if any, without regard to fault.

Then you must multiply Eric Secrest, Merri Secrest, and Erica Secrest's total damages by Anne Hockema's percentage of fault and return your verdicts for each of Eric Secrest, Merri Secrest, and Erica Secrest and against the Defendants in the amount of the product of that multiplication. (*Use Verdict Form B–2.*)

The verdict forms provided to you by the Court will help guide you through this process.

Appellant's App. p. 19–20 (italics in original, underlining supplied).

### Verdict Form B–2
### VERDICT FOR PLAINTIFF ERIC SECREST [3]

We, the Jury, find for Plaintiff, Eric Secrest, and we assess the percentages of fault as follows:

---

which provides, "An individual who signs an application for a permit or license under this chapter agrees to be responsible jointly and severally with the minor applicant for any injury or damage that the minor applicant

causes by reason of the operation of a motor vehicle if the minor applicant is liable in damages."

**3.** The jury received a separate Verdict Form B–2 for Eric Secrest, Merri Secrest, and Erica

Plaintiff Jacob Secrest     _____ %
Defendant Anne Hockema     _____ %
TOTAL     100 %

We, further find that the total amounts of damages which the Plaintiff, Eric Secrest, is entitled to recover, disregarding fault, is the sum of $_____. (*Enter this amount below as Total Damages.*)

We, the Jury, now find for the Plaintiff, Eric Secrest, and against the Defendants, Anne Hockema and Stanley Hockema, in the sum of:

Total Damages     $_____
Defendants' percentage of fault   x_____
Verdict Amount     $_____

*Id.* at 46 (italics in original). The Hockemas objected to the Verdict Instructions and Verdict Form B–2:

> We would object to the Verdict Instructions and Verdict Form for the reason that … as written the verdict instructions and the verdict form allows [sic] for purely derivative claims of … Eric, Merri, and Eri[c]a Secrest, to survive, even though the jury would determine that … Jacob Secrest was … fifty one percent [or] more at fault. And for that reason we think it's an inaccurate … statement of the law and would result in an improper, an incorrect … verdict.

Tr. p. 569. The trial court overruled the objection.

The jury returned a defense verdict. In particular, the jury found Jacob to be 66.75% at fault, Anne to be 33.25% at fault, and awarded the Secrests $0 in damages.

The Secrests filed a motion to correct errors seeking additur or a new trial, in which it claimed that the jury erred by not awarding Jacob's parents damages for a percentage of the stipulated medical expenses. The Hockemas responded by asserting that the Secrests "failed to take into account the expenses and damage claims made by the family members were *derivative* to Jacob's primary cause of action," Appellant's App. p. 54 (emphasis in original), and consequently, "the 'parent' plaintiffs *cannot* prevail if a jury decides against the 'child's' claim." *Id.* at 56 (emphasis in original). Following a hearing on the motion, the trial court entered judgment in favor of the Secrests for $12,780.56, which is 33.25% of the stipulated amount of medical expenses. In its Order,[4] the trial court stated:

> The Court instructed the Jury that there was a stipulation as to the medical expenses incurred by the parents in the sum of Thirty-eight Thousand Seven Hundred Eight Dollars Forty-four Cents ($38,708.44), and that the Jury in this matter found that the Defendant, Ann[e] Hockema, was thirty-three point two-five percent (33.25%) negligent in the action.
>
> The Court had previously instructed the Jury that the parent's right of recovery for their medical expenses was not contingent on the child's right of recovery for his injuries.
>
> Therefore, the Court finds that the parents should be entitled to their stipulated expenses of thirty-three point two-five percent (33.25%) of Thirty-eight Thousand Seven Hundred Eight Dollars Forty-four Cents ($38,708.44).

---

Secrest. The only difference in each of the forms was the named plaintiff. A blank Verdict Form B–2 was not included within the appellate record; completed Verdict Form B–2s, however, were included. For purposes of simplicity, we have elected to omit the figures supplied by the jury in reproducing the form here.

4. We remind counsel for Appellants of the obligation under Indiana Appellate Rule 46(A)(10) to include a copy of the appealed-from order in the Appellants' Brief. The Appellants included a copy of the Order only in the Appellants' Appendix.

The Court directs that the jury verdict be modified in this matter that the Court now orders a judgment entered against the Defendant, Anne Hockema, in the sum of Twelve Thousand Eight Hundred Seventy Dollars Fifty-six Cents ($12,870.56).

*Id.* at 6–7. The Hockemas now appeal.

## Discussion and Decision

■■■ The Hockemas argue that the trial court erred by granting the Secrests' request for additur following the jury's award of $0 damages to the Secrests. A trial court has broad discretion to correct error. *Childress v. Buckler,* 779 N.E.2d 546, 550 (Ind.Ct.App.2002). We review a trial court's decision to grant a motion to correct error for an abuse of discretion, and reversal will only occur when the trial court's decision was against the logic and effect of the facts and circumstances before it, together with the inferences that can be drawn therefrom. *Id.* Additionally, a trial court's abuse of discretion may result when its decision is without reason or is based upon impermissible considerations. *Id.*

■■■ The Hockemas claim that the trial court abused its discretion when it granted the Secrests' motion to correct error pursuant to Indiana Trial Rule 59(J)(5) and awarded $12,870.56 to the Secrests notwithstanding the jury's verdict of $0. Trial Rule 59(J)(5) provides:

The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors: ... (5) In the case of excessive

or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur.

Ind. Trial Rule 59(J)(5). This remedy is only available when the evidence is insufficient to support the verdict as a matter of law. *Childress,* 779 N.E.2d at 550.

■■■ Trial courts must afford juries great latitude in making damage award determinations. *Id.* A verdict must be upheld if the award determination falls within the bounds of the evidence. *Id.* Additionally, a trial court may only reverse a jury's award determination "when it is apparent from a review of the evidence that the amount of damages awarded by the jury is so small or so great as to clearly indicate that the jury was motivated by prejudice, passion, partiality, corruption or that it considered an improper element." *Id.* (quoting *Dee v. Becker,* 636 N.E.2d 176, 177 (Ind.Ct.App.1994)).

■■■ Curiously, the issue with which we are faced today—namely, whether a parent is precluded from recovering necessary medical expenses paid by them on behalf of an injured child whose comparative negligence exceeds the negligence of the tortfeasor—is an issue of first impression in Indiana. The Comparative Fault Act, now codified at Indiana Code 34–51–2, was adopted in Indiana in 1983 and went into effect in 1985. *Control Techniques, Inc. v. Johnson,* 762 N.E.2d 104, 107 (Ind.2002). By adopting the Comparative Fault Act, the General Assembly rejected the common law doctrine of contributory negligence as a complete bar to recovery in negligence cases,[5] thereby bringing this

---

5. Indiana has retained the common law concept of contributory negligence in claims brought under the Indiana Medical Malpractice Act and the Indiana Tort Claims Act. *See* Ind.Code § 34–51–2–1(b) ("This [comparative fault] chapter does not apply to an action: (1) brought against a qualified health care provider under IC 16–9.5 (before its repeal), IC

state in line with the vast majority of states that adhere to some form of a comparative fault law. *Walters v. Dean,* 497 N.E.2d 247, 250 (Ind.Ct.App.1986).

There are two basic forms of comparative fault laws, which are designated as "pure" or "modified." Under the "pure" form, a plaintiff may recover a percentage of his damages even though his fault exceeds that of the defendant. *Id.* Under "modified" comparative fault statutes, a plaintiff normally may recover a reduced amount of his damages so long as his negligence either does not equal ("modified forty-nine percent") or exceed that of the defendant ("modified fifty percent"). *See id.;* I Matthew Bender, Comparative Negligence §§ 1.20, 1.30 (Richard E. Kaye ed.2004). The Indiana statute is a type of modified fifty percent comparative fault law that requires, in some cases, consideration of the degree of fault of non-parties to the action as well as the fault of the parties. *See* Ind.Code §§ 34–51–2–6; 34–51–2–7; 34–52–2–14. Thus, if a claimant is deemed to be more than fifty percent at fault, then the claimant is barred from recovery. *See* I.C. § 34–51–2–6 ("In an action based on fault that is brought against ... one (1) defendant or ... two (2) or more defendants who may be treated as a single party; the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages.").

The jury found Jacob Secrest to be 66.75% at fault for the accident. Thus, under Indiana's comparative fault scheme, Jacob is barred from recovering any damages from Hockema. Nonetheless, Eric and Merri Secrest argue that they should be able to recover a percentage of the stipulated medical expenses, and therefore the trial court did not err by granting their request for additur. We disagree.

■ Eric and Merri Secrest, as the parents of Jacob, are responsible for the costs of the medical attention furnished to Jacob by the various providers. *See, e.g., Scott County Sch. Dist. 1 v. Asher,* 263 Ind. 47, 51–52, 324 N.E.2d 496, 499 (1975) ("The parent also is liable because of his common law and, in some instances, statutory duty to support and maintain his child.... This parental duty includes the provision of necessary medical care."). The obligation to pay medical expenses is not a damage inflicted directly on the parents; rather, the parents' debt arises only because, as parents, they are obligated to contract for necessary medical care for their minor child. If the child was not a minor, the medical expenses would be his own, and the parents would not be obligated to pay them. The right of the parents to recover the child's medical expenses, hence, rests upon the child's right to recover and therefore may be appropriately categorized as a derivative right.[6] Accordingly, when a

27–12 (before its repeal), or IC 34–18 for medical malpractice."); Ind.Code § 34–51–2–2 ("This [comparative fault] chapter does not apply in any manner to tort claims against governmental entities or public employees under IC 34–13–3 (or IC 34–4–16.5 before its repeal).").

**6.** In reaching this conclusion that claims for medical expenses are derivative, we also find Indiana's Medical Malpractice Act, found at Article 18 of Title 34 of the Indiana Code, to be instructive. In the context of the Medical

Malpractice Act, our legislature defined derivative claims as follows: "Derivative claims include the claim of a parent or parents, guardian, trustee, child, relative, attorney, or any other representative of the patient including claims for loss of services, loss of consortium, *expenses,* and other similar claims." Ind.Code § 34–18–2–22 (emphasis supplied). We see no reason why medical expenses in other contexts should be categorized differently.

child is injured, the parent has a cause of action against the tortfeasor to recover compensation for the necessary medical treatment arising from the tortious conduct. *Asher*, 263 Ind. at 52, 324 N.E.2d at 499. Because of the derivative nature of this right, however, the right is not absolute. Instead, the right to recover medical expenses may be barred by the child's comparative negligence if it exceeds the negligence of the tortfeasor.

This result is consistent with the approach taken by our courts under the common law doctrine of contributory negligence. For example, in *Brown v. Slentz,* 237 Ind. 497, 147 N.E.2d 239 (Ind.1958), a father brought a lawsuit for loss of services and medical expenses he paid on behalf of his minor son for injuries the son sustained as a result of an automobile collision. The son was driving his father's car when he was involved in a collision with another driver who was allegedly operating his vehicle negligently. Following a trial on the matter, a jury returned a verdict in favor of the alleged tortfeasor, presumably based on the theory that the minor's negligence was imputable to the father. On appeal, our supreme court held that "the contributory negligence of the minor child ... is imputable to the parent ...." *Brown*, 237 Ind. at 500, 147 N.E.2d at 240. The parties advance no valid reason why we should not follow a similar approach here. Thus, although Indiana has abandoned contributory negligence in cases such as the one with which we are faced today, the concept of imputation is still viable under our comparative fault scheme. This means that if a child's comparative fault is less than fifty percent, then a parent may recover the appropriate percentage of the medical expenses paid on behalf of the child from the tortfeasors. If, however, the child's comparative fault exceeds fifty percent, the parents are barred from recovering medical expenses.

As mentioned above, the jury determined that Jacob was 66.75% at fault and that Anne was 33.25% at fault. By seeking to recover a percentage of the stipulated medical expenses in spite of Jacob's negligence exceeding that of Anne's, the Secrests essentially are requesting that we abandon the concept of modified comparative fault in favor of a pure comparative fault scheme with regard to medical expenses. The Indiana General Assembly has chosen to adopt a modified comparative fault system. It is not our province to override the legislature's clear intent of barring recovery when a claimant is more than fifty percent at fault. Consequently, the trial court erred by granting additur, and we reverse and remand with instructions that the jury verdict be reinstated.[7]

Reversed and remanded.

SHARPNACK, J., and MAY, J., concur.

---

7. To the extent that the Secrests argue that the erroneous instruction of the jury mandates a new trial, we cannot agree. While we do find that the trial court's Verdict Instructions and Verdict Form B–2 were erroneous because they misstated the law, we conclude that any error was harmless because the jury disregarded the misstatements of law—as indicated by its verdict awarding the Secrests $0 in damages.