Filed 4/10/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 79

M.M. and Thomas Moore, Plaintiffs

Thomas Moore, Appellant

v.

Fargo Public School District No. 1 and Eugenia Hart, Defendants

Fargo Public School District No. 1, Appellee

No. 20110260

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Michael W. Unger (argued), 90 South 7th Street, Suite 4700, Minneapolis, Minn. 55402, and Craig E. Johnson (on brief), 15 9th Street South, Fargo, N.D. 58103-1830, for appellant.

Ronald H. McLean (argued) and Kasey D. McNary (on brief), P.O. Box 6017, Fargo, N.D. 58108-6017, for appellee.

Jeffrey S. Weikum, 1715 Burnt Boat Drive, Madison Suite, Bismarck, N.D. 58503, for amicus curiae North Dakota Association for Justice.

M.M. v. Fargo Public School Dist. No. 1

No. 20110260

Sandstrom, Justice.

[¶1] Thomas Moore appeals from a judgment dismissing his claim for medical expenses incurred by his son, M.M., in their personal injury action against Fargo Public School District No. 1 and Eugenia Hart.  Because Moore’s claim for past economic damages derives from M.M.’s injuries, and M.M. was denied recovery under our modified comparative fault laws, we conclude the district court correctly dismissed Moore’s claim for medical expenses.  We affirm the judgment.

I

[¶2] In May 2004, M.M., a 15-year-old student at Discovery Middle School in Fargo, was seriously injured while practicing a bike stunt in the school auditorium in preparation for ’60s Day, part of the curriculum for Hart’s history class.  Moore and M.M. brought a personal injury action against the District and Hart.  The district court dismissed the action against the District as a matter of law, and a jury returned a verdict in favor of Hart.  In 
M.M. v. Fargo Pub. Sch. Dist. No. 1
, 2010 ND 102, ¶¶ 1, 19, 22, 28, 783 N.W.2d 806, we concluded the court erred in ruling the recreational use immunity statutes barred the action against the District and erred in excluding certain evidence from the jury in the action against Hart, and we reversed and remanded for a new trial.

[¶3] On remand, Hart settled, and the case was tried to the jury only against the District.  At the close of the evidence, the district court rejected the District’s request to include a line on the special verdict form for apportioning fault to Moore, concluding there was no evidence from which a jury could find Moore was at fault.  The jury returned a verdict allocating 30 percent fault to “Eugenia Hart and any other employee of the Fargo Public School District” and 70 percent fault to M.M.  The jury awarded Moore $285,000 for past economic damages based on M.M.’s medical expenses incurred while he was a minor.  Because M.M.’s fault was greater than the fault of the District, the court entered judgment dismissing the action and awarding costs in favor of the District.  The court also denied Moore’s request to have judgment entered in his favor for $85,500, representing 30 percent of the $285,000 awarded by the jury for M.M.’s past medical expenses.  Following the majority rule, the court concluded “a child’s negligence should be considered in determining the extent of a parent’s recovery against a third party for medical expenses paid.”

[¶4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Moore’s appeal was timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶5] Moore argues the district court erred in rejecting his $85,500 claim for M.M.’s past medical expenses, because North Dakota law allows a parent without fault to recover medical expenses for a child’s injury in proportion to the defendant’s fault.  This is a question of first impression in North Dakota.

[¶6] North Dakota’s modified comparative fault statute provides:

Contributory fault does not bar recovery in an action by any person to recover damages for death or injury to person or property unless the fault was as great as the combined fault of all other persons who contribute to the injury, but any damages allowed must be diminished in proportion to the amount of contributing fault attributable to the person recovering.  The court may, and when requested by any party, shall direct the jury to find separate special verdicts determining the amount of damages and the percentage of fault attributable to each person, whether or not a party, who contributed to the injury.  The court shall then reduce the amount of such damages in proportion to the amount of fault attributable to the person recovering.  When two or more parties are found to have contributed to the injury, the liability of each party is several only, and is not joint, and each party is liable only for the amount of damages attributable to the percentage of fault of that party, except that any persons who act in concert in committing a tortious act or aid or encourage the act, or ratifies or adopts the act for their benefit, are jointly liable for all damages attributable to their combined percentage of fault.  Under this section, fault includes negligence, malpractice, absolute liability, dram shop liability, failure to warn, reckless or willful conduct, assumption of risk, misuse of product, failure to avoid injury, and product liability, including product liability involving negligence or strict liability or breach of warranty for product defect.

 

N.D.C.C. § 32-03.2-02.

[¶7] Enacted in 1987, the modified comparative fault provisions of N.D.C.C. ch. 32-03.2 “significantly revised tort liability in North Dakota and shifted the focus from traditional tort doctrines to the singular inclusive concept of ‘fault.’”  
Grager v. Schudar
, 2009 ND 140, ¶ 16, 770 N.W.2d 692.  Under the modified comparative fault law, negligence is included in the concept of fault, and the fault of two or more parties is compared so that each party is liable only for the amount of damages attributable to the percentage of fault by that party.  
Saltsman v. Sharp
, 2011 ND 172, ¶ 9, 803 N.W.2d 553.  By enacting N.D.C.C. § 32-03.2-02, the Legislature “clearly intended to replace joint and several liability with several allocation of damages among those who commit torts in proportion to the fault of those who contributed to an injury.”  
Rodenburg v. Fargo-Moorhead YMCA
, 2001 ND 139, ¶ 25, 632 N.W.2d 407; 
see also
 
Schneider v. Schaaf
, 1999 ND 235, ¶ 22, 603 N.W.2d 869.  Although the modified comparative fault law significantly revised tort law in North Dakota, some former contributory negligence concepts remain viable.  
See
 
Harfield v. Tate
, 1999 ND 166, ¶¶ 9-12, 598 N.W.2d 840.

[¶8] In construing the modified comparative negligence statutes, “our primary duty is to ascertain the Legislature’s intent, which initially must be sought from the statutory language.”  
Haff v. Hettich
, 1999 ND 94, ¶ 15, 593 N.W.2d 383.  “Statutory provisions must be considered as a whole with each provision harmonized, if possible.”  
Stewart v. Ryan
, 520 N.W.2d 39, 45 (N.D. 1994); 
see also
 N.D.C.C. § 1-

02-07.  “Words used in a statute are to be understood in their ordinary sense, unless a contrary intention plainly appears.”  
Leno v. K & L Homes, Inc.
, 2011 ND 171, ¶ 12, 803 N.W.2d 543; 
see also
 N.D.C.C. § 1-02-02.  When a statute is ambiguous or of doubtful meaning or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, we may resort to extrinsic aids to interpret the statute.  
Leno
, at ¶ 13.  “In determining the legislative intent of an ambiguous statute, a court may consider the object sought to be obtained, the circumstances under which the statute was enacted, the legislative history, common law or former statutory provisions, or consequences of a particular construction.”  
Id.
; 
see also
 N.D.C.C. § 1-02-39.  The interpretation of a statute is a question of law fully reviewable on appeal.  
Leno
, at ¶ 12.

[¶9] Section 32-03.2-02, N.D.C.C., does not create an independent basis of tort liability, but deals only with the allocation of damages among those already at fault.  
See
 
Ward v. Bullis
, 2008 ND 80, ¶ 30, 748 N.W.2d 397; 
Schneider
, 1999 ND 235, ¶ 23, 603 N.W.2d 869; 
Hurt v. Freeland
, 1999 ND 12, ¶ 21, 589 N.W.2d 551; 
see also
 
Fetch v. Quam
, 530 N.W.2d 337, 339 (N.D. 1995) (“Today, comparative negligence affects the amount of recovery more than liability.”).  The modified comparative fault laws are silent regarding whether a parent without fault may recover medical expenses for a child’s injuries in proportion to the defendant’s fault when the child’s fault exceeds the defendant’s fault.  Our review of the legislative history of 1987 N.D. Sess. Laws ch. 404 sheds no light on the question.  Considering the circumstances under which the statutes were enacted, however, we note the statutes were part of “tort reform” legislation believed necessary to lower insurance rates and improve the business climate within the state.  
See, e.g.
, 
Hearing on H.B. 1571 Before the House Judiciary Comm.
, 50th N.D. Legis. Sess. (Feb. 3, 1987) (testimony of Pete Haug, representing the Greater North Dakota Association); 
see also
 
Leno
, 2011 ND 171, ¶ 14, 803 N.W.2d 543.  

[¶10] Generally, it is well-established that a parent’s claims “for medical expenses paid on behalf of an injured . . . child are derivative, and the negligence of the injured family member is attributed to the person with the derivative claim.  This result follows the view that the comparative-negligence statute was not intended to alter the judge-made law concerning derivative causes of action.”  57B Am. Jur. 2d 
Negligence
 § 1030, at 294 (2004) (footnotes omitted); 
see also
 67A C.J.S. 
Parent and Child
 § 330, at 414 (2002) (footnote omitted) (“[A] parent’s right of action, although distinct from the child’s right of action, is based upon and arises out of the negligence which caused injury to the child, and a parent therefore usually cannot recover unless the child also has a good cause of action.”); 
see also
 Restatement (Second) of Torts § 494 (1965) (“The plaintiff is barred from recovery for an invasion of his legally protected interest in the health or life of a third person which results from the harm or death of such third person, if the negligence of such third person would have barred his own recovery.”); Restatement (Third) of Torts § 6(a) (2000) (“When a plaintiff asserts a claim that derives from the defendant’s tort against a third person, negligence of the third person is imputed to the plaintiff with respect to that claim.”); Annot., 
Comment Note.—Contributory Negligence of Spouse or Child as Bar to Recovery of Collateral Damages Suffered by Other Spouse or Parent
, 21 A.L.R.3d 469, 472 (1968) (footnote omitted) (“In the analogous situation of a parent’s action for collateral damages, such as loss of services and medical expenses due to defendant’s negligence, the rule is equally well established that the contributory negligence of the child will operate as a bar.”), and cases collected therein.

[¶11] Moore recognizes the weight of authority does not favor his position, but argues this authority is distinguishable on the basis of provisions of North Dakota law.  Moore argues barring his recovery because of M.M.’s negligence violates the plain language and purpose of N.D.C.C. § 14-09-21, which provides “[n]either parent nor child is answerable as such for the act of the other.”  Moore argues the statute precludes M.M.’s negligent acts from being “attributed” to Moore simply because they are parent and child.  However, the statute uses the term “answerable,” which means “subject to being called to account; responsible.”  
Webster’s New World Dictionary
 57 (2nd College ed. 1980).  As this Court said in 
Peterson v. Rude
, 146 N.W.2d 555, 557 (N.D. 1966), N.D.C.C. § 14-09-21 means “a parent is not 
liable
 for the negligent acts of a minor child merely because of such relationship.”  (Emphasis added.)  The statute codifies the common law rule.  
See
 59 Am. Jur. 2d 
Parent and Child
 § 96, at 260 (2002) (footnote omitted) (“At common law the mere fact of paternity does not make a parent liable for the torts of his minor child.”); 67A C.J.S. 
Parent and Child
 § 309, at 397 (2002) (“As a general rule, the mere relationship of parent and child does not impose on the parent liability for torts of the child.”).  Attributing M.M.’s fault to Moore does not impose liability upon Moore for any torts committed by M.M.

[¶12] Moore also emphasizes that he was required to pay M.M.’s past medical expenses under N.D.C.C. § 14-09-08, which provides “[p]arents shall give their children support and education suitable to the child’s circumstances.”  This provision is not unique to North Dakota.  “A duty to support and maintain minor children is universally recognized as resting upon the parents of such children.  Even in the absence of statute, parents are under a legal as well as a moral duty to support, maintain, and care for their minor children.”  59 Am. Jur. 2d 
Parent and Child
 § 45, at 213 (2002) (footnotes omitted).  This statute provides no basis to distinguish the authorities which have adopted the majority rule.

[¶13] Moore also relies on a 1974 decision of the Iowa Supreme Court.  
In 
Handeland v. Brown
, 216 N.W.2d 574, 579 (Iowa 1974), the court, in a 5-4 decision, held that in the context of its contributory negligence laws, which imposed a complete bar to recovery if the plaintiff committed any amount of negligence, that “a child’s contributory negligence, not the sole proximate cause of his injury, is not a defense to a parental claim . . . for the expense and actual loss of services, companionship and society resulting from injury to or death of the child.”  The court noted the wealth of scholarly criticism of the contrary general rule and rejected each of the four bases the majority of courts had used to apply the rule: 1) the derivative action theory; 2) the imputed negligence theory; 3) the assignment theory; and 4) the well-settled rule theory.  
Id.
 at 575-77.  

[¶14] We do not view 
Handeland
 as persuasive authority.  First, although the 
Handeland
 decision is nearly 40 years old, we were unable to find any cases from other jurisdictions that have adopted its holding and reasoning.  Rather, outside of Iowa, very few cases have even cited its holding, and those courts have cited the case only for the proposition that it represents a contrary position.  
See
 
Hasson v. Ford Motor Co.
, 564 P.2d 857, 871 (Cal. 1977), 
overruled on other grounds in
 
Soule v. General Motors Corp.
, 882 P.2d 298 (Cal. 1994); 
Maidman v. Stagg
, 441 N.Y.S.2d 711, 713 (N.Y. App. Div. 1981); 
Meyer v. State
, 403 N.Y.S.2d 420, 427 (N.Y. Ct. Cl. 1978); 
Dartez v. Gadbois
, 541 S.W.2d 502, 509 (Tex. Ct. Civ. App. 1976).  Second, 
Handeland
 was decided in the context of contributory negligence principles, and North Dakota now has a modified comparative fault scheme.  The Alaska Supreme Court has noted the distinction:

Before contributory negligence was replaced by comparative negligence most commentators criticized the application of the bar of contributory negligence to a claim for loss of consortium, 
see
 [W. Prosser, Handbook of the Law of Torts § 125, at 892-93 (4th ed. 1971)]; they did so almost as unanimously as the courts applied it.  
See e.g.
, 
Ross v. Cuthbert
, 239 Or. 429, 397 P.2d 529, 530 (1964).  At least one court, acting in a contributory negligence jurisdiction, has recently allowed full recovery for loss of consortium despite the contributory negligence of the physically injured spouse.  
Handeland v. Brown
, 216 N.W.2d 574, 579 (Iowa 1974).  We are, however, aware of no general criticism of application of the partial defense of comparative negligence to claims for loss of consortium.

 

Eggert v. Working
, 599 P.2d 1389, 1391 (Alaska 1979).  Other courts have recognized that “[m]uch of the harshness of the rule has been eliminated with the advent of comparative negligence in which slight contributory negligence does not act as a complete bar to recovery,” 
Runcorn v. Shearer Lumber Prods., Inc.
, 690 P.2d 324, 329 (Idaho 1984), and that “[m]ost of the criticism targeted at the ‘derivative liability principle’ originated prior to the advent of the comparative negligence doctrine.”  
Mist v. Westin Hotels, Inc.
, 738 P.2d 85, 90 (Hawaii 1987) (footnote omitted).  The 
Mist
 court noted that criticism by some commentators in their earlier works “has been apparently significantly retracted in their later works.”  
Id.
 at 90 n.6; 
cf.
 
Schobinger v. Ivey
, 467 N.W.2d 728, 730 (N.D. 1991) (re-examining imputation of negligence after adoption of comparative negligence “due to the fact that we no longer have the harsh result that would occur under the prior contributory negligence law”).  Although the Iowa Supreme Court has continued to apply 
Handeland
 after adoption of pure comparative negligence, 
see
 
Lake v. Schaffnit
, 406 N.W.2d 437, 440 (Iowa 1987), we do not choose to follow this outlier decision.

[¶15] We think the decision of the Indiana Court of Appeals in 
Hockema v. J.S.
, 832 N.E.2d 537 (Ind. Ct. App. 2005), is persuasive.  In 
Hockema
, a child and his parents brought a personal injury action against the driver of the car that struck the child, seeking recovery for medical expenses, permanent injuries, emotional distress, loss of services, and pain and suffering.  
Id.
 at 538-39.  Similar to the law of North Dakota and other states, Indiana’s modified comparative fault statutes provided “‘the claimant is barred from recovery if the claimant’s contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant’s damages.’” 
Id.
 at 542 (quoting Ind. Code § 34-51-2-6).  The jury returned a verdict finding the child 66.75 percent at fault and the driver 33.25 percent at fault.  
Hockema
, at 540.  The child’s parents sought an award of 33.25 percent of the stipulated amount of the child’s medical expenses.  
Id.
  The issue, one of first impression in Indiana, was “whether a parent is precluded from recovering necessary medical expenses paid by them [sic] on behalf of an injured child whose comparative negligence exceeds the negligence of the tortfeasor.”  
Id.
 at 541.  The court answered the question in the affirmative:

Eric and Merri Secrest, as the parents of Jacob, are responsible for the costs of the medical attention furnished to Jacob by the various providers.  
See, e.g.
, 
Scott County Sch. Dist. 1 v. Asher
, 263 Ind. 47, 51-52, 324 N.E.2d 496, 499 (1975) (“The parent also is liable because of his common law and, in some instances, statutory duty to support and maintain his child . . . .  This parental duty includes the provision of necessary medical care.”).  The obligation to pay medical expenses is not a damage inflicted directly on the parents; rather, the parents’ debt arises only because, as parents, they are obligated to contract for necessary medical care for their minor child.  If the child was not a minor, the medical expenses would be his own, and the parents would not be obligated to pay them.  The right of the parents to recover the child’s medical expenses, hence, rests upon the child’s right to recover and therefore may be appropriately categorized as a derivative right.  Accordingly, when a child is injured, the parent has a cause of action against the tortfeasor to recover compensation for the necessary medical treatment arising from the tortious conduct.  
Asher
, 263 Ind. at 52, 324 N.E.2d at 499.  Because of the derivative nature of this right, however, the right is not absolute.  Instead, the right to recover medical expenses may be barred by the child’s comparative negligence if it exceeds the negligence of the tortfeasor.

 

Id.
 at 542-43 (footnote omitted).

[¶16] Moore argues 
Hockema
 is distinguishable because Indiana has a statute that defines “certain claims as ‘derivative.’”  However, the court had already concluded claims for medical expenses were “derivative” and merely added in a footnote that a statute in the state Medical Malpractice Act was “instructive” because it similarly defined “derivative claims.”  
Hockema
, 832 N.E.2d at 542 n.6.  Moore argues his claim for medical expenses is separate and distinct from M.M.’s claims in this case.  
See
 
Besette v. Enderlin Sch. Dist. No. 22
, 288 N.W.2d 67, 75 (N.D. 1980).  Moore is correct, but this Court, like others, has recognized that although a claim is separate and distinct, it may also be “derive[d]” from another person’s injury.  
Sime v. Tvenge Assocs. Architects & Planners, P.C.
, 488 N.W.2d 606, 610 (N.D. 1992); 
see also
 
Kinsella v. Farmers Ins. Exch.
, 826 P.2d 433, 435 (Colo. Ct. App. 1992); 
Wineman v. Carter
, 4 N.W.2d 83, 84 (Minn. 1942); 
Hoglund v. Dakota Fire Ins. Co.
, 742 N.W.2d 853, 858 (S.D. 2007).  Moore’s argument that using M.M.’s fault to bar Moore’s claim for medical expenses “unjustly rewards” the District which was partly found at fault may be debatable.  
Compare
 
Schobinger
, 467 N.W.2d at 730 (“[W]e believe that fairness requires that an authorized driver’s negligence should be considered in determining the extent of the family vehicle owner’s recovery against third parties for damages to the family vehicle.”).  However, in view of the position taken by the overwhelming majority of courts, we believe this is a matter best left to the Legislature.  
See, e.g.
, 
Hoerr v. Northfield Foundry and Mach. Co.
, 376 N.W.2d 323, 334 (N.D. 1985).  We conclude a parent is not entitled to recover medical expenses paid on behalf of an injured minor child whose comparative fault exceeds the fault of the tortfeasor.

[¶17] Because Moore’s claim for past medical expenses derives from M.M.’s injuries, and M.M. was denied recovery under our modified comparative fault laws, we conclude the district court correctly dismissed Moore’s claim for M.M.’s medical expenses.

III

[¶18] We have considered the other arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The judgment is affirmed.

[¶19] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.